347 So.2d 1305 (1977)
BUNKIE BANK & TRUST COMPANY, Plaintiff and Appellant,
v.
AVOYELLES PARISH POLICE JURY and Central Louisiana Bank & Trust Company, Defendants and Appellees.
No. 6018.
Court of Appeal of Louisiana, First Circuit.
June 30, 1977.
*1306 John A. Boatner, Jr., Bunkie, for plaintiff-appellant.
Gravel, Roy & Burnes by Dan E. Melichar, Alexandria, Knoll & Knoll by Eddie Knoll, Marksville, for defendant-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
CULPEPPER, Judge.
The plaintiff, Bunkie Bank & Trust Company, filed this suit against the defendants, Avoyelles Parish Police Jury and Central Louisiana Bank & Trust Company, to annul a fiscal agency contract entered into between the defendants. Plaintiff alleges it submitted the lowest and best bid to serve as fiscal agent for the police jury, but that the jury illegally awarded the contract to Cenla Bank.
The defendant bank filed an answer and obtained an order for trial by jury. Plaintiff bank then filed a motion to recall the order for trial by jury on the grounds that since one of the defendants, Avoyelles Parish Police Jury, is a political subdivision of the state, as to which there can be no jury trial, there should also be no jury trial as to the defendant bank. The district judge denied the motion to recall the order for a jury trial. He ordered that the issues between the plaintiff bank and the defendant bank be tried by jury, and the issues between the plaintiff bank and the police jury be tried by the judge. From this order, plaintiff appealed.
The decisive issue is whether we should, on our own motion, dismiss the appeal on the grounds that the judgment complained of is an interlocutory judgment which will not cause the appellant irreparable injury.
An appellate court may dismiss an appeal on its own motion where there is no right to appeal. LSA-C.C.P. Article 2162. Under LSA-C.C.P. Article 2083, an appeal may be taken from an interlocutory judgment which may cause irreparable injury. The judgment in the present case denying the motion to recall the order for trial by jury is clearly interlocutory. The only question is whether it may cause the appellant irreparable injury.
Pursuant to a request by this court during oral argument, the plaintiff bank filed a supplemental brief addressed to the issue of irreparable injury. Plaintiff argues the single issue in the case is whether the police jury illegally awarded the contract to the defendant bank, and that this is the same issue as between the plaintiff and the defendant bank and as between the plaintiff and the policy jury. Appellant contends that in a bifurcated trial, as ordered by the district court, if the jury and the judge reach opposite conclusions on this single issue, the only course of action open to the *1307 trial judge would be to set aside the jury verdict and grant a new trial. Plaintiff argues that if in the new trial the judge and the jury still reach opposite conclusions, successive new trials will be ordered by the judge until the jury agrees with him. Because of these possible delays, plaintiff says the fiscal agency contract in question, which is for a term of two years ending December 31, 1978, could terminate before plaintiff's rights could be adjudicated. Thus, plaintiff contends it may suffer irreparable injury.
In answer to these contentions, we find at the outset that the trial judge correctly ordered a bifurcated trial of the present case. Although there are previous decisions from our Supreme Court to the contrary, the latest decisions from that court hold that where one defendant is a political subdivision, as to which LSA-R.S. 13:5105 prohibits a trial by jury, and there is another non-governmental defendant who requests a jury trial, the proper procedure is to have one trial, LSA-C.C.P. Article 1735, with the jury deciding issues as to the non-governmental defendant and the judge deciding the issues as to the governmental defendant. See Jones v. City of Kenner, 338 So.2d 606 (La.1976); Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974) and the cases cited therein.
As to plaintiff's argument that if the jury and the judge reach opposite conclusions this may cause plaintiff irreparable injury, because the trial judge may grant successive new trials until the contract in question has terminated, we conclude it is so highly speculative that the judge and jury will reach opposite decisions and that the judge will grant a rehearing that it is unreasonable to predict at this time that the plaintiff may be irreparably injured.
On the question of whether it would be necessary for the trial judge to grant a rehearing, we note the recent case of Thornton v. Moran, 341 So.2d 1136 (La.App. 1st Cir. 1976), writ granted and case remanded to the Court of Appeal with instructions, 343 So.2d 1065 (La.1977), decided on remand, 348 So.2d 79 (La.App. 1st Cir. 1977). In its original decision in Thornton, the Court of Appeal held that although the jury and the judge reached opposite results, each result was supported by a reasonable evidentiary basis and had to be affirmed under the rule enunciated in Canter v. Koehring, 283 So.2d 716 (La.1973). In a four to three decision, our Supreme Court granted writs and issued an ex parte order as follows:
"Judgment of court of appeal reversed; case remanded to court of appeal to resolve the difference in the factual findings between the jury and the judge in these consolidated cases and to render a single opinion based upon the record. La.Const. Art. 5, § 10(B); Rights of parties to reapply for writs in accordance with law after court of appeal renders decision in accordance with views herein expressed are reserved."
On remand, 348 So.2d 79 (La.App. 1st Cir. 1977), the Court of Appeal, pursuant to the above quoted instructions from the Supreme Court, found the judge's decision more reasonable than that of the jury and rendered judgment accordingly.
The above quoted order by our Supreme Court in Thornton clearly contemplates that where, in a bifurcated trial, the jury and the judge reach opposite conclusions of fact and there is an appeal, the Court of Appeal should resolve these differences and render a single decision based upon the record us a whole. As noted by the Court of Appeal decision on remand, our Supreme Court did not expressly rule on the question of whether the trial judge is also required to resolve conflicting decisions by the jury and the judge, but we think it must be inferred from the Supreme Court ruling in Thornton that the trial judge is not required to harmonize conflicting judgments in a bifurcated trial. We say this because in Thornton the Supreme Court did not remand the case to the trial court with instructions to harmonize. Instead, it remanded the case to the Court of Appeal with instructions to harmonize. Thus, in *1308 the present case, if the judge and the jury reach conflicting decisions it would not be necessary for the trial judge to grant a new trial in an effort to seek a jury verdict which would be in harmony with the judge's view of the case. The preferable procedure, under Thornton, is that the court of appeal harmonize any conflict in decisions by the jury and the judge.
For the reasons assigned, the appeal is dismissed. All costs of this appeal are assessed against the plaintiff-appellant. Costs in the trial court must be assessed after final judgment there.
APPEAL DISMISSED.