348 So.2d 79 (1977)
Frank L. THORNTON et al.
v.
Sharon MORAN et al.
Sharon MORAN
v.
Frank L. THORNTON et al.
Nos. 10952, 10953.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
On Rehearing June 13, 1977.
On Limited Rehearing July 11, 1977.
Writ Refused October 21, 1977.
*80 Henry L. Klein, New Orleans, Hugh C. Uhalt, New Orleans, of counsel for defendant appellant, Sharon Moran.
David W. Robinson, Baton Rouge, of counsel for defendants appellants, G.E.I.C.O.
Robert F. Kennon, John S. White, Jr., Baton Rouge, of counsel for plaintiffs appellees, Frank Thornton, et al.
James E. Moore, Baton Rouge, of counsel for defendant appellee, Price A. K., Inc.
Dermot S. McGlinchey, Frederick Alexius, New Orleans, of counsel for defendant appellee, Chrysler Corp.
Paul H. Dué and Richard J. Dodson, Baton Rouge, for Government Employees Ins. Co., appellant.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
PER CURIAM:
These consolidated cases were before this Court once before, Thornton v. Moran, 341 So.2d 1136 (La.App. 1st Cir. 1976), *81 wherein this Court after reviewing thoroughly the record in a bifurcated trial,[1] wherein opposite results were reached, and this Court being ever mindful of the manifest error rule and the "reasonable conclusion of fact" rule as enunciated in Canter v. Koehring, 283 So.2d 716 (La.1973) and Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La.1976), we concluded that neither result was manifestly erroneous and affirmed.
Writs were applied for by the Thorntons as well as their insurer, Government Employees Insurance Company, and in a 4 to 3 decision were granted ex parte as follows:
"Judgment of court of appeal reversed; case remanded to court of appeal to resolve the difference in the factual findings between the jury and the judge in these consolidated cases and to render a single opinion based upon the record. La. Const. Art. 5, § 10(B); Rights of parties to reapply for writs in accordance with law after court of appeal renders decision in accordance with views herein expressed are reserved."[2]
Therefore, after this Court has already concluded factually that there was such reasonable credible evidence in this record to support the jury's finding that Sharon Moran did not have the last clear chance to avoid the accident, and that there was also reasonable credible evidence to support the trial judge's finding that she did have such last clear chance, we are mandated "to resolve the differences in the factual findings between the jury and the judge * * *."
Although this conclusion necessarily resulted in inconsistent results, the end was achieved by a consistent application of the review-functional rule as articulated by our Supreme Court. We have been unable to construe the Canter and Dyson edict as demanding a harmonization of the differences between the factual findings of two different triers of fact considering the same factual situation in order that a consistent result be attained, albeit at the sacrifice of consistency in the application of the function of the reviewing court.
For the sake of judicial economy, bifurcated trials are becoming much more common. As suits are consolidated to enact these economies, we find some issues tried by judge and some by jury in the same trial. As in the instant case, the identical parties were involved in each suit. Further, it is to be expected that opposite results can be reached in each suit. Certainly this has taken place where separate suits are filed arising out of the same accident, tried separately with different results, and after being appealed separately are affirmed. Even though we now see bifurcated trials in consolidated suits, with the recent Supreme Court decision of Jones v. City of Kenner, 338 So.2d 606 (La.1976), wherein the Supreme Court allows jury trials as against the insurer of the public body, and the judge trying all issues as to the public body, we certainly expect to see an increase in such trials. No guidance is enunciated by the Supreme Court as to the possibility of judge and jury reaching opposite results. What happens if the jury finds against the insurer and the judge finds in favor of the public body? Must the intermediate appellate courts resolve the differences? As to a possible solution see concurring opinion by Lottinger, J. in Duplantis v. United States Fidelity & Guaranty Corporation, 342 So.2d 1142 (La.App. 1st Cir. 1976).
Regardless, because of the granting of this writ in this case, this court is left with the distinct impression that irrespective of the manifest error rule, the reasonable conclusion of fact rule, and in particular, *82 Justice Tate, "Manifest Error" Further observation on appellate review of facts in Louisiana civil cases, 22 La.L.Rev. 605 (1962), none of these rules are applicable where opposite results are reached in bifurcated trials, and the intermediate appellate courts are mandated to resolve the differences regardless of the reasonableness of the conclusions of fact.
We now assume that the review-functional rule now requires us, as an intermediate appellate court, in bifurcated cases, to reconcile or resolve any differences in the factual findings between the trial judge and the jury by determining which witnesses are more credible, to ascertain which of the triers of fact accorded a more reasonable measurement to the evidence in reaching a decision, and to decide which of the said triers of fact gave a more reasonable evaluation and drew a more reasonable inference from the facts, all in order that we might harmonize the judgment(s). We also assume that the same requirement is now placed on the trial judge.
All of the facts surrounding the accident giving rise to this litigation, the testimony of the witnesses, and the conclusion of the trial judge are set forth in detail in our original opinion and they shall not be repeated here.
In applying the "more reasonable measurement" to the evidence, we conclude that the trial judge's application of the last clear chance doctrine must yield to the absence of fault conclusion inherent in the result reached by the jury. Our reason for selection is that both judge and jury found Mr. Thornton to be negligent. Neither found that the Thornton vehicle had stalled for the period of time claimed by the Thorntons. We accord greater consideration to Mr. Thornton's duty to stop in the median before entering the highway than the trial judge's finding that Miss Moran had "a distance of between 167 and 350 feet" to avoid the accident. Miss Moran's duty to avoid the accident did not commence until the Thornton vehicle began its left turn maneuver into the northbound lane. Considering the very slow speed of the Thornton vehicle as it traversed the median, Miss Moran had every reason to believe that it would stop before entering her lane of travel. R.S. 32:124.
For these reasons, the judgment of the district court in the Thornton suit (# 10,952) is reversed and set aside and judgment is rendered herein in favor of the defendants and against plaintiffs dismissing the same.
In the Moran suit (# 10,953), the judgment is affirmed in all respects.
All costs of these suits are assessed against GEIC and Frank L. Thornton.
JUDGMENTS REVERSED AND RENDERED (# 10,952) AND AFFIRMED (# 10,953).

ON REHEARING
SARTAIN, Judge.
In Suit No. 10,952 (Thornton, et al. v. Moran, et al.), we granted a limited rehearing on the applications of Mr. and Mrs. Thornton to reconsider our decision on remand, wherein we reversed a judgment in their favor against Government Employees Insurance Company, their uninsured motorist insurer, and Miss Moran. In their applications they urge, inter alia, that their judgments against Miss Moran are now final because following our first decision (341 So.2d 1136), Miss Moran had failed to apply to this court for a rehearing or to the Supreme Court for writs of review. They cite as authority the following cases: Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971); Piper v. Olinde Hardware & Supply Company, Inc., 288 So.2d 626 (La.1974); Breaux v. State, 326 So.2d 481 (La.1976); Chivoletto v. Johns-Manville Products Corp., 330 So.2d 295 (La.1976).
The general rule as announced in the above cases is to the effect that the Supreme Court has authority to review all issues and grant any relief in favor of litigants to whom that court has granted a writ of review to the same extent as if the matter had been appealed directly to that *83 court. However, the court has consistently declined to grant relief in favor of a party to whom a writ of review was refused or to a party who had not applied for such review. In these latter situations, the judgment as to such a party has been held to be a final one.
In the instant case (Thornton, et al. v. Moran, et al.,) our records reveal that whereas Government Employees Insurance Company did apply timely for a rehearing in this court and for a writ of review to the Supreme Court following our original decision, Miss Moran did not.
Applying the above cited jurisprudence, our decision on remand should be recalled and set aside insofar as it pertains to the claims of Mr. and Mrs. Thornton but not as to Government Employees Insurance Company.
Therefore, in Suit No. 10,952 (Thornton, et al. v. Moran, et al.,) our decision on remand insofar as the same reversed the judgment of the district court in its entirety is hereby recalled and set aside and judgment is rendered herein reversing the judgment of the district court only as to Government Employees Insurance Company. In all other respects our decision on remand is reinstated.
All applications for rehearing in Suit No. 10,953 (Moran v. Thornton, et al.,) are denied. We withheld action on these applications so that the delays for seeking writs of review would be concurrent. See: Rule XI, Section 5, Uniform Rules Courts of Appeal.
DECISION ON REMAND, REVERSED IN PART, AMENDED IN PART, AND AS AMENDED, REINSTATED.
NOTES
[1] A bifurcated trial is one where some issues or parties are tried by the judge, and some by a jury.
[2] Justice Summers dissented from the "ex parte in chamber reversal of the judgment of the Court of Appeal without a hearing and opportunity for the parties to be heard."

Justices Calogero and Dennis dissented being "of the opinion the writ should be granted and the case taken up in this Court in the normal course, with oral arguments followed by written opinion."