364 So.2d 1378 (1978)
Adam DEVILLE, Plaintiff-Appellee,
v.
TOWN OF BUNKIE et al. (Bobby Higden & American Home Assurance Co.), Defendants-Appellants.
No. 6701.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Writ Refused January 12, 1979.
*1379 Gold, Hall, Simon, Weems & Bruser, John F. Simon, Alexandria, for defendants-appellants.
Carol J. Aymond, Jr., Bunkie, for plaintiff-appellee.
Ben C. Bennett, Jr., Marksville, for defendant-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
FORET, Judge.
Adam Deville sued two Bunkie City Police officers, Andrew Wells and Bobby Higden, the Town of Bunkie, and its insurance carrier, American Home Assurance Company, alleging mistreatment and resulting injuries during his arrest and imprisonment. The plaintiff requested a jury trial in the matter. However, as the Town of Bunkie, a political subdivision of the State, was a defendant, a bifurcated trial was ordered, with the judge to determine the facts as to the town, and the jury to determine the facts as to the other defendants. After a trial on the merits, the jury found:
(1) In favor of defendant, Andrew Wells and against the plaintiff;
(2) In favor of the plaintiff and against the defendant, Bobby Higden, and American Home Assurance Company, and
(3) Awarded plaintiff $15,000 in damages.
The trial court judge ruled in favor of the Town of Bunkie and against the plaintiff.[1] *1380 As the judge and jury reached opposite and incompatible results in deciding the case, this Court must resolve the differences and render a single decision based on the record as a whole. Thornton v. Moran, 348 So.2d 79 (La.App. 1 Cir. 1977); Bunkie Bank and Trust v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 1 Cir. 1977). In such a situation the manifest error rule is inapplicable and the Court of Appeals must decide which decision is more reasonable after a careful examination of the entire record. Aubert v. Charity Hospital of Louisiana, 363 So.2d 1223 (La.App. 4 Cir. 1978).
The right to a trial by jury in most situations is granted by Code of Civil Procedure Article 1731:
Art. 1731. Issues triable by jury
Except as limited by Article 1733, the right of trial by jury is recognized.
The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
Article 1733 of the La.Code of Civil Procedure provides as follows:
Art. 1733. Limitation upon jury trials
A trial by jury shall not be available in:
* * * * * *
(5) All cases where a jury trial is specifically denied by law.
LSA-R.S. 13:5105 provides as follows:
§ 5105. Jury trial prohibited
No suit against the state or a state agency or political subdivision shall be tried by jury.
Amended by Acts 1975, No. 434, § 1.
Thus, in a situation such as the one presently before the Court, a plaintiff is entitled to a jury trial only against the nongovernmental defendants, and the Town of Bunkie is entitled to have its liability determined by the trial court judge. When combined in one lawsuit, this results in a bifurcated trial. Jones v. City of Kenner, 338 So.2d 606 (La.1976); Duplantis v. United States Fidelity & Guaranty Ins. Corp., 342 So.2d 1142 (La.App. 1 Cir. 1977); Champagne v. American Southern Ins. Co., 295 So.2d 437 (La.1974).
A problem unique to the bifurcated trial is the possibility that the judge and jury may reach mutually irreconcilable verdicts. In the case of Thornton v. Moran, supra, the First Circuit Court of Appeals in its original hearing, 341 So.2d 1136, held that there was no manifest error in either the conclusion of the judge or of the jury and affirmed both verdicts. The Louisiana Supreme Court, at 343 So.2d 1065, remanded the case to the court of appeal with instructions to resolve the differences between the two verdicts:
"Writ granted. Judgment of court of appeal reversed; case remanded to court of appeal to resolve the difference in the factual findings between the jury and the judge in these consolidated cases and to render a single opinion based upon the record. La.Const. art. 5, § 10(B). Rights of parties to reapply for writs in accordance with law after court of appeal renders decision in accordance with views herein expressed are reserved."
Upon rehearing, the First Circuit, at 348 So.2d 79, (1977), reconciled the contradictory verdicts by making a decision as to which conclusion was more reasonable. We quote from page 82:
"We now assume that the review-functional rule now requires us, as an intermediate appellate court, in bifurcated cases, to reconcile or resolve any differences in the factual findings between the trial judge and the jury by determining which witnesses are more credible, to ascertain which of the triers of fact accorded a more reasonable measurement to the evidence in reaching a decision, and to decide which of the said triers of fact gave a more reasonable evaluation and drew a more reasonable inference from the facts, all in order that we might harmonize the judgment(s)."
In the case of Bunkie Bank and Trust v. Avoyelles Parish Police Jury, supra, we reached the same conclusion from the order of Louisiana Supreme Court in the Thornton case stating, at page 1307:

*1381 "The above quoted order by our Supreme Court in Thornton clearly contemplates that where, in a bifurcated trial, the jury and the judge reach opposite conclusions of fact and there is an appeal, the Court of Appeal should resolve these differences and render a single decision based upon the record us a whole. As noted by the Court of Appeal decision on remand, our Supreme Court did not expressly rule on the question of whether the trial judge is also required to resolve conflicting decisions by the jury and the judge, but we think it must be inferred from the Supreme Court ruling in Thornton that the trial judge is not required to harmonize conflicting judgments in a bifurcated trial. We say this because in Thornton the Supreme Court did not remand the case to the trial court with instructions to harmonize. Instead, it remanded the case to the Court of Appeal with instructions to harmonize. Thus, in the present case, if the judge and the jury reach conflicting decisions it would not be necessary for the trial judge to grant a new trial in an effort to seek a jury verdict which would be in harmony with the judge's view of the case. The preferable procedure, under Thornton, is that the court of appeal harmonize any conflict in decisions by the jury and the judge."

FACTS
On the night of October 15, 1977, the Bunkie City Police received a report of a drunk on the Evergreen Highway (La. Highway 29). Two city police officers, Bobby Higden and Leroy Howard, went to investigate the report. They found the plaintiff and his wife arguing in a horseshoeshaped gravel driveway off of the highway. At this point the testimony of the plaintiff and his witnesses diverges sharply from the testimony of the two officers. Adam Deville and his wife claim that they were standing in the driveway, well off of the highway, that Mrs. Deville was attempting to get her husband to return home, that he was firmly but calmly refusing her request; and that any loud or boisterous talk was that of Mrs. Deville. They further testified that the two Bunkie policemen drove up, jumped out of their patrol car, grabbed Adam Deville, ripped off the jump suit he was wearing, sprayed teargas in his face, threw him to the ground, pulled a gun and threatened to kill him, sat on him while handcuffing him, and then dragged him on his bare back to the car and threw him in. Plaintiff also claims that after arrival at the Bunkie City Police station, teargas was sprayed in his face twice, and that he was beaten on three occasions by the two named defendants and by other police officers while incarcerated. Additionally, he claims he was refused food and medical attention and was left in the cell handcuffed, without a shirt or blanket for the night and the next day until his brother-in-law brought these items to him.
The two police officers testified that upon arriving at the "horseshoe driveway" Adam Deville appeared to be in an intoxicated state, was loud and belligerent, and attempted to start a fight with them. In order to more safely take Adam Deville into custody, Officer Higden used mace to subdue the plaintiff, and then, with the assistance of his fellow officer, handcuffed and placed him in a patrol car, all the while plaintiff was resisting forcibly. They and other Bunkie police officers on duty Saturday, October 15 and Sunday, October 16, testified that Adam Deville was placed in a cell, the handcuffs taken off, and not molested in any way by members of the Bunkie Police Department. Deville claimed to have suffered numerous injuries as a result of the aforementioned alleged incident, consisting mostly of scratches and bruises, recurrence of a back injury, a black-eye, and a worsening of his already unstable mental condition.
The defendants contend that if any injuries to Deville occurred while he was being placed under arrest or while he was in custody, the injuries were due to his own struggles. Two additional points are important to be mentioned at this time. Although Adam Deville claimed that the two officers who arrested him and allegedly *1382 beat him were Bobby Higden and Andrew Wells and identified Wells at the trial as one of the molesters, all other testimony and police department records prove that in fact Leroy Howard was Higden's partner the night of the incident (Andrew Wells not coming on duty until later that night). The jury found in favor of Andrew Wells, and as this was not appealed by the plaintiff, this decision is final.
As a result of this arrest, Adam Deville was charged with "simple assault on a police officer, simple battery on a police officer, disturbing the peace by fighting with a police officer, disturbing the peace, and resisting arrest". At trial in Bunkie City Court, Adam Deville plead guilty to disturbing the peace and was found guilty of resisting arrest.
In the present suit, witnesses for the plaintiff were his wife, Joyce Deville, his wife's brother, Leo Ferguson, and his wife, Mary Joe Ferguson, and the plaintiff himself. Both of the Devilles' testimony at trial were contradicted by prior statements they had made in depositions and at the Bunkie City Court trial. Additionally, Adam Deville has had serious mental problems for much of his life and is at present considered totally disabled and draws Social Security benefits as such. The record of his mental treatments and history was filed in evidence. Also in evidence was his long record of arrests and convictions, some of which he would not admit even when confronted with on the witness stand. Mrs. Deville's testimony at trial was similarly contradicted by her prior testimony at the city court trial in which she admitted that Adam Deville was acting in a loud and boisterous manner on the night in question, apparently at least partially caused by a combination of alcohol and medication he was required to take for his mental condition. Mr. and Mrs. Ferguson were not present for much of the confrontation. Leo Ferguson's testimony as to what happened to Adam Deville while in jail appears to be mostly conjecture on his part. The two arresting officers, Bobby Higden and Leroy Howard, as well as various other members of the Bunkie City Police Department all testified that Adam Deville was not molested and that any physical injuries that he suffered were the result of his own conduct in resisting his arrest. Both arresting officers testified that they only used such force as was reasonable and necessary to effect the arrest.[2]
The only two independent witnesses in this case, Patricia Juneau and Ellis John Armand who live just off of Highway 29 close to the horseshoe drive where this incident took place, were unable to give a full account of the incident; however, their testimony does support the conclusion that Adam Deville was acting in a loud and boisterous manner prior to the arrival of the two police officers.
In considering the entirety of the record, this Court agrees with the trial judge, and finds that the more reasonable conclusion in the light of all of the evidence is that Officers Higden and Howard employed reasonable force to effect a lawful arrest of the uncooperative plaintiff. Accordingly, the judgment of the trial judge in dismissing plaintiff's demand against the Town of Bunkie is correct, and the decision of the jury holding Bobby Higden and American Home Assurance Company liable to plaintiff is manifestly erroneous and should be reversed.
The judgment in favor of plaintiff, Adam Deville, and against Bobby Higden and American Home Assurance Company, liability insurer of the Town of Bunkie, is hereby reversed, and plaintiff's suit is dismissed.
All costs, both on the trial level and on appeal are assessed against plaintiff-appellee, Adam Deville.
REVERSED.
NOTES
[1] The plaintiff has not appealed the judgment of the trial judge dismissing his suit against the Town of Bunkie, nor has he appealed the finding of the jury dismissing his suit against co-defendant, Andrew Wells.
[2] La.Code of Criminal Procedure, article 220:

Art. 220. Submission to arrest; use of force
A person shall submit peaceably to a lawful arrest. The person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.