HOOD, Judge.
Geneva Davis sues to recover damages for personal injuries sustained by her resulting from an alleged assault and battery committed by Harold C. Curtis. The defendants are Curtis, Visco’s Inc., and the latter’s insurer, United States Fidelity and Guarantee Company (USF & G). Curtis filed some exceptions which were overruled, but he filed no answer or other pleadings, and eventually plaintiff obtained a default judgment against him for the sum of $98,-750.00. Visco’s and its insurer answered, and as to them the case was tried by jury, with the result that a special verdict was rendered finding no fault on the part of Curtis. The trial judge rendered judgment consistent with the jury’s verdict, in favor of Visco’s and USF & G, and against plaintiff, dismissing plaintiff’s suit as to those defendants.
Plaintiff Davis appealed. None of the defendants appealed, and none of them answered the appeal which was taken by plaintiff.
The overall issue presented is whether the special finding of the jury that defendant Curtis was without fault is erroneous, and thus whether the decree of the trial court dismissing the suit as to Visco’s and USF & G should be reversed and judgment rendered in favor of plaintiff and against those defendants.
The preliminary default which was entered against Curtis was confirmed at the same time the case was tried by jury as to the other defendants. The trial judge thus heard the same evidence in confirming the default against Curtis as was heard and considered by the jury. The trial of the case was completed on February 9, 1979, and at the conclusion of the trial on that date two separate judgments were rendered by the trial judge. One was the above described default judgment in favor of plaintiff and against Curtis, and the other was the judgment in favor of defendants, Visco’s and USF & G, dismissing plaintiff’s suit as to those defendants.
Plaintiff is not seeking here to have the judgment rendered against Curtis amended, and since Curtis has not appealed we are not confronted with the issue of whether the judgment against him should be modified in any way. Our concern is solely whether the jury erred in its finding of no fault on the part of defendant Curtis, and whether the judgment dismissing plaintiff’s suit as to the remaining defendants should be reversed.
Plaintiff contends that the judge and jury, in a bifurcated trial, reached inconsistent decisions as to the fault and liability of the individual defendant, Curtis, and she argues that this court thus should disregard those conflicting decisions and make its own independent factual findings. She urges that the jury verdict be set aside as being manifestly erroneous, and that judgment be rendered in favor of plaintiff and against all of the defendants.
Ordinarily, the factual findings of the judge or jury will not be disturbed by the appellate court if the record contains credible evidence to support such findings. In an action, however, where both the trial judge and the jury had the power and authority to find facts necessary to determine the liability of a particular defendant, neither trier of fact is entitled to have the reviewing court accord greater weight to his or its factual findings. On appeal in such a case, the appellate court should make its own independent findings based on the record, without according any weight to the factual findings of either judge or jury. Aubert v. Charity Hospital of Louisiana, 363 So.2d 1223 (La.App. 4th Cir., 1978); DeVille v. Town of Bunkie, 364 So.2d 1378 (La.App. 3rd Cir., 1978); Thornton v. Moran, 348 So.2d 79 (La.App. 1st Cir., 1977); see also 341 So.2d 1136 and 343 So.2d 1065.
In Aubert, supra, where the judge and jury arrived at inconsistent factual findings, we said:
*741 “On appeal neither trier of fact is entitled to have greater weight accorded to its factual findings. Therefore, it is necessary for the appellate court to make its own independent factual findings based on the record, without according any weight to the factual findings of either the judge or the jury when those findings are inconsistent.”
We agree with plaintiff that the above rule is consistent with our established jurisprudence. We have decided, however, that it is not applicable here. In the instant suit, the trial judge assigned written reasons for the default judgment which he rendered against defendant Curtis, and in those reasons he stated:
“It was the judgment of the Court that the witnesses and evidence produced by plaintiff for her case at trial established a prima facie case against the defendant Harold Curtis, as per Article 1702 of the Code of Civil Procedure; and plaintiff was thereupon entitled to confirmation of the default against Harold Curtis. This Court, without consideration of any of the testimony or evidence presented by the defendants, Visko’s, Inc. and U. S. Fidelity & Guarantee Company, did render and sign on February 9, 1979, a default judgment in favor of plaintiff and against Harold C. Curtis for $98,750.00, the same amount that plaintiff’s attorney had requested for damages at trial. This default judgment is to be no way considered as in conflict with or contradictory to the judgment of February 9, 1979, dismissing Visko’s Inc. and U. S. Fidelity & Guarantee Company, as per the jury verdict.”
It is clear from the above reasons for judgment that in determining that a default judgment should be rendered against defendant Curtis, the trial judge considered only the evidence which was produced by plaintiff. He did not consider any of the testimony or evidence presented by the defendants. The explanation made by the trial judge that the default judgment which he rendered was in no way to be considered as being in conflict with or contradictory to the judgment rendered in favor of the two remaining defendants, emphasizes the fact that he did not consider all of "the evidence which was presented to and considered by the jury.
We presume, as he must, that the jury performed its duty and considered a 11 of the evidence which was presented to it. In this case, therefore, where the trial judge specifically stated that he considered only a part of the evidence, that he did not consider all of it, and that he did not intend for his factual findings to be in conflict with or contradictory to those of the jury, we feel that the factual conclusions reached by the trial judge as to the fault or liability of defendant Curtis should not be considered as being inconsistent with those of the jury. Certainly, the findings of the judge and those of the jury should not be given equal weight, with the findings of one trier of fact completely off-setting the other, when the judge considered only the evidence presented by one party and the jury considered the proof offered by all the parties to the suit. The evidence produced by plaintiff, being the only evidence considered by the trial court, did not include the testimony of defendant Curtis, of the owner of Visco’s Restaurant, of the manager of that restaurant, or that of a fellow employee who was working with Curtis at the time the above incident occurred. The trial judge thus did not consider the explanation which Curtis, and at least two other eye witnesses, gave of the incident. The jury did consider that evidence.
Under the peculiar circumstances presented here, we conclude that the rule applied in Aubert v. Charity Hospital of Louisiana, supra, as above set out, is not applicable here. We feel that the factual findings of the jury should be given great weight, and that we should not upset those findings unless we determine that they are clearly erroneous.
The evidence shows that a battery was committed on plaintiff by defendant Curtis about 3:30 p. m. on August 6, 1975, at Visco’s Restaurant, in Jefferson Parish. Curtis was working as an oyster shucker at *742 the restaurant at that time. Mrs. Davis telephoned the restaurant to speak to her son, who also was an employee there, and Curtis answered the phone. Curtis did not summon plaintiff’s son to the telephone and Mrs. Davis became offended at what she considered to be vulgar and abusive language used by that defendant. She then went to the restaurant, where she complained to the manager about Curtis’ conduct, and while she was there an argument took place between her and Curtis. Shortly after that argument occurred, Mrs. Davis was struck or pushed by Curtis in such a way that she fell and sustained injuries. She now seeks to recover damages for those injuries.
Plaintiff contends that Curtis was acting in the course and scope of his employment when he injured her, and that his employer, Visco’s, and the latter’s insurer, are vicariously liable to her for those damages. She also contends that Visco’s was negligent in that its agents, servants and employees failed to take any action to restrain Curtis from committing the battery or to protect plaintiff from the injuries which she received.
Plaintiff’s version of the incident which occurred differs substantially from that of defendant. According to Mrs. Davis, Curtis used vulgar and abusive language toward her when she talked to him by telephone. She thereupon went to the restaurant and reported the matter to Mrs. Ryan, the day manager. She and Mrs. Ryan then entered the restaurant together, when Curtis resumed using foul and threatening language toward her. Mrs. Ryan suggested that Curtis remain at the oyster bar and that plaintiff go to the dining room, while Mrs. Ryan went to get the owner. After Mrs. Ryan left, and while plaintiff was in the dining area, plaintiff said that Curtis approached her from the back, hit her, knocked her down and kicked her. Rita Guidroz, an employee of Visco’s, generally corroborated plaintiff’s statements.
Defendant Curtis, on the other hand, testified that plaintiff initiated the use of vulgar language in their telephone conversation, that when Mrs. Davis later entered the restaurant with Mrs. Ryan, plaintiff insulted him with racial overtones, and that he and Mrs. Davis then began arguing and cursing each other. He stated that when plaintiff and Mrs. Ryan left the room in which the oyster bar was located, plaintiff-returned to that bar and resumed cursing and berating him. He and plaintiff then left the area about the same time, each going to a different part of the restaurant. Curtis stated that his purpose in leaving was to find the owner or Mrs. Ryan to get the matter “settled.” He said that shortly thereafter he suddenly and unexpectedly met plaintiff as he rounded a corner near the dining room, that plaintiff “pushed” him when they met, and that he “pushed her back.” As a result of that altercation plaintiff fell and sustained injuries. Curtis denied that he kicked or struck plaintiff, and he contends that he pushed her only to “get her off me, to free myself of her.” Some parts of Curtis’ version of the incident were supported by the testimony of Mrs. Ryan, the manager, and by Alfonzo Berry, another employee of the restaurant.
At the conclusion of the trial, interrogatories were propounded to the jury, one of which was:
“Was Harold Curtis guilty of an unjustified battery on the plaintiff, or did he use excessive force in defending any battery on himself?”
The jury’s reply to that interrogatory was “No.” In view of that response, and in accordance with instructions from the court, no other interrogatories were answered. A poll of the jury indicated that the vote was unanimous.
The jury obviously accepted the testimony of Curtis and the witnesses called by defendants, Visco’s and USF & G, and rejected the version of the incident given by Mrs. Davis and the witnesses offered by her.
Plaintiff suggests that “a tremendous amount of inflammatory information was brought out for the jury,” including some “insinuations and innuendos,” and the fact that medical insurance was or may have *743 been available to plaintiff. With reference to the' last bit of evidence, the jury was instructed that the insurance should not be considered. We have examined the record carefully, and have failed to find any evidence unduly prejudicial to plaintiff which we think should have been excluded.
We have concluded that the record contains credible evidence which is sufficient to support the findings of the jury. We cannot say that the special verdict rendered by the jury is manifestly erroneous. Under those circumstances the verdict of the jury should not be disturbed, and the judgment appealed from will be affirmed.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.

AFFIRMED.