487 So.2d 190 (1986)
Curley ROGERS, Plaintiff-Appellee,
v.
CALCASIEU PARISH POLICE JURY, Defendant-Appellee.
No. 85-258.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1986.
Writ Denied June 13, 1986.
Plauche, Smith & Nieset, Allen L. Smith, Jr., Eugene Bouquet, Lake Charles, for defendant-appellee.
McClain, Morgan & Savoy, Robert E. Morgan, Lake Charles, for plaintiff-appellee.
Before STOKER, DOUCET and FALKENHEINER[*], JJ.
DOUCET, Judge.
By this appeal, we are asked to reconcile inconsistent verdicts rendered by judge and jury in a bifurcated trial of a suit for damages.
Curley Rogers filed suit against the Calcasieu Parish Police Jury, Kenneth Thibodaux and Continental Casualty Co., insurer of Calcasieu parish, for injuries sustained when his dog bit him. Rogers obtained a fully grown Doberman pinscher from Retel Leger in Spring of 1983. He wanted a watch dog to protect his welding shop, which had been plagued by thefts. Rogers had formerly used two German shepards to guard the shop, but they were too friendly to perform effectively. Rogers chained the Doberman to a tire wheel behind his shop on a 20' chain. The dog had access to the cab of a truck body for shelter from the elements. Rogers brought the dog food and water in the morning and evening but did not otherwise have contact with the dog. No one else was allowed near the dog for fear it would become too friendly.
On April 28, 1983, after about five weeks behind the welding shop, the dog suddenly grabbed Curley Rogers' right forearm with its teeth, inflicting punctures and lacerations, as Rogers attempted to feed it.
The dog had been bought from Kenneth Thibodaux, the director of the Calcasieu Parish Animal Control Center, for $50.00 by Retel Leger about a year before its transfer to the plaintiff. Thibodaux testified that the dog was his own property at the time of the sale and had not been processed through the Animal Control Center. Had the dog been owned by the Animal Control Center, the proper procedure would have been to charge the adopting owner a fee of about $17 and present him *191 with a slip to be presented to any local veterinarian for a vaccination.
Rogers contends that the dog was not the property of Kenneth Thibodaux, but had been previously owned by Victoria Eldridge and was a vicious dog.
Prior to December 1981, Victoria Eldridge was the owner of a Doberman pinscher named "Saber". The dog was well behaved and obedient in her presence, but became "hyper" and aggressive with outsiders.
In December 1981, when Mrs. Eldridge was not present, Saber bit Mrs. Eldridge's daughter-in-law after being startled by a loud noise. Mrs. Eldridge's husband insisted that she report the dog bite to the Animal Shelter and have the dog picked up. She did not ask that the dog be put to sleep. The dog was in fact picked up by an Animal Control Warden. Rogers contends that this was the dog sold to Leger by Thibodaux "out the back door" of the Animal Control Center. In support of this contention, he introduced into evidence two metal tags, one of which identified the dog as Saber owned by Victoria Eldridge. Rogers testified that he removed the tags from the dog's choke collar, after obtaining him in Spring of 1983. Retel Leger agreed that the dog came to him wearing two metal tags on a choke chain. However, due to his inability to read, he was unable to confirm or deny that these were the tags worn by his dog. He had called his dog "Jack". Mrs. Eldridge identified the tags as those worn by her dog.
A trial by jury was granted in the claims against Kenneth Thibodaux and Continental Casualty Company. The trial was bifurcated in order to allow a judge trial of the liability of the Calcasieu Parish Police Jury, in accord with La.R.S. 13:5105.
In answers to interrogatories, the jury found that there was no fault on the part of Kenneth Thibodaux which was a proximate cause of the injuries to Curley Rogers. The jury did find that the injuries to Curley Rogers were proximately caused by the fault of other employee(s) of Calcasieu Parish Police Jury, while acting in the course and scope of employment. The jury further found that Curley Rogers' own fault contributed to his injuries in the amount of 75% and assessed damages at $5,000. The following notation was appended to the verdict form:
"In the division of percentages of fault, it is herewith stimulated [sic] that we the jury consider the entire Calcasieu Parish Police Jury to be at fault due to poor or ambigous [sic] wording of their ordiance [sic], and that we as citizens believe that the Department of Animal Control Center should be more closly [sic] supervised and that there [sic] adminstration [sic] procedures should be improved."
Judgment was rendered against Continental Casualty in the amount of $1,250.00.
The trial judge however, found that it had not been shown that any action of Kenneth Thibodaux or any other Police Jury employee was a proximate cause of the injuries to Rogers. Therefore, he found no responsibility on the part of the Calcasieu Parish Police Jury. The trial judge, the Honorable John A. Patin, rendered judgment dismissing the claims of Rogers against the Police Jury. Continental Casualty appeals the jury verdict. They ask that the two inconsistent verdicts be reconciled in favor of the conclusions reached by Judge Patin. Curley Rogers answers seeking partial reversal and amendment to find Kenneth Thibodaux and other employees of the Calcasieu Parish Police Jury 100% at fault, exonerating the plaintiff of contributory negligence and raising the award of damages to $123,146.78.
Where incompatible results are reached by judge and jury in a bifurcated trial:
"this Court must resolve the differences and render a single decision based on the record as a whole. Thornton v. Moran, 348 So.2d 79 (La.App. 1 Cir.1977); Bunkie Bank and Trust v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 1 Cir.1977). In such a situation the manifest error rule is inapplicable and the *192 Court of Appeals must decide which decision is more reasonable after a careful examination of the entire record. Aubert v. Charity Hospital of Louisiana, 363 So.2d 1223 (La.App. 4 Cir.1978)."
Deville v. Town of Bunkie, 364 So.2d 1378 (La.App. 3rd Cir.1978), writ refused 366 So.2d 564 (La.1979).
Both the judge and the jury agreed that the injury to Curley Rogers was not proximately caused by the actions of Kenneth Thibodaux. Finding no manifest error, this court will not disturb a factual finding for which a reasonable basis exists in the record. Canter v. Koehring, 283 So.2d 716 (La.1973).
The discrepancy between the judge and jury verdicts occurs with regard to the question of whether the injury to Curley Rogers was caused by the negligence of any employee of Calcasieu Parish Police Jury other than Kenneth Thibodaux. After considering the entire record on appeal, this court finds that the trial court reached the more reasonable decision in this case. No evidence of any kind was introduced with regard to possible negligence on the part of any other employee of the Police Jury. Furthermore, it is clear from the notation made on the verdict sheet that the jury's intention was to render judgment with regard to the Calcasieu Parish Police Jury. La.R.S. 13:5105 prohibits a jury trial of a suit against the state, a state agency or political subdivision. As a result, the jury's verdict had no weight on the issue of the fault of the Police Jury. Since the jury was without power to adjudicate this issue, there is, in effect, no true conflict between the jury and judge's verdicts. See: Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); Bishop v. Shelter Insurance Co., 461 So.2d 1170 (La.App. 3rd Cir.1984), writ denied 465 So.2d 737 (La. 1985).
Accordingly, the judgment of the trial judge dismissing the plaintiff's demand against the Calcasieu Parish Police Jury is correct. The decision of the jury finding Continental Casualty Company liable to the plaintiff can have no legal effect and is therefore null.
The judgment in favor of the plaintiff, Curley Rogers, and against the Continental Casualty Co. is reversed. Plaintiff's suit is dismissed. All costs are assessed against the plaintiff.
REVERSED IN PART; AFFIRMED IN PART.
NOTES
[*] Honorable W.C. Falkenheiner, Judge Ad Hoc.