RICHARD AND LINDA SUPPLE AND CORNELIA ROTH
v.
MAEGAN BERRIGAN AND SAFECO INSURANCE COMPANY
STATE FARM FIRE AND CASUALTY COMPANY
v.
MAEGAN E. BERRIGAN, GENERAL INSURANCE COMPANY OF AMERICA, ERIN GANT AND ABC INSURANCE COMPANY
No. 2008 CA2513, Consolidated with No. 2008 CA2514.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
W. RANSOM PIPES, J. ALEXIS MYSHRALL, Attorneys for Appellant, State Farm Fire and Casualty Co.
MATTHEW J. UNGARINO, ALBERT D. GIRAUD, Attorney for Appellees, Maegan Berrigan and Safeco Ins. Co./General Ins. Co. of America
CRAIG S. WATSON, Attorney for Appellees, Richard and Linda Supple and Cornelia Roth.
STANLEY S. SPRING, Attorney for Appellee, Erin Gant.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.

Not Designated for Publication
CARTER, C.J.
This appeal arises from an accident that occurred in the early afternoon of March 2, 2005, near the intersection of Highland Road and Leeward Drive in Baton Rouge. Maegan Berrigan was traveling on Highland Road (toward the LSU campus), as Erin Gant was traveling toward Highland Road on Leeward Drive (approaching Highland Road from Berrigan's right). When Gant reached Highland Road, she stopped, then pulled forward to see around some foliage blocking her view to the left. Berrigan observed Gant's vehicle pulling forward approximately three to five feet ahead of her, swerved to avoid what she perceived would be an accident, then lost control of her car. Berrigan's vehicle left the roadway, crashed through a fence and into the residence of Richard and Linda Supple. The accident ruptured a gas main and caused a fire that damaged the Supples' home.
Two suits were filed as a result of the accident. The Supples filed one suit against Berrigan and her insurer seeking damages for their personal injuries, loss of personal items within the home, inconvenience, mental anguish, loss of enjoyment of life and lost wages.[1] State Farm, the Supples' homeowners' insurer, filed a separate suit against Berrigan and her insurer, and Gant and her insurer, seeking subrogation for amounts it paid to or on behalf of the Supples. The two suits were consolidated. However, the trial court granted a motion to bifurcate the trial of the two suits, with the Supples' claims being tried by the judge and State Farm's being tried by a jury.
In considering the Supples' claims, the judge found Berrigan to be 100% at fault in causing the accident, and awarded Richard and Linda Supple each $29,000.00. In considering State Farm's claims, the jury found Berrigan to be 40% at fault and Gant 60% at fault in causing the accident. The jury determined that damages in the amount of $150,000.00 should be awarded to State Farm. Thereafter, the trial court rendered a single judgment in the consolidated cases including the rulings of both the judge and jury, and rendering judgment against Berrigan and her insurer in favor of State Farm in the amount of $60,000.00 (representing 40% of $150,000.00). State Farm's motion for judgment notwithstanding the verdict or new trial was denied. State Farm now appeals challenging the jury's fault determination and the damages awarded by the jury.[2]
A trier of fact's allocation of fault is subject to the manifestly erroneous or clearly wrong standard of review. Hebert v. Rapides Parish Police Jury, 06-2001 (La. 4/11/07), 974 So.2d 635, 654. When reviewing fault allocation, an appellate court should determine the highest and lowest percentage of fault that could reasonably be assessed to each party, upon consideration of the following factors: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Clement v. Frey, 95-1119 (La. 1/16/96), 666 So.2d 607, 611. Allocation of fault is not an exact science, or the search for one precise ration, but rather an acceptable range, and any allocation of by the factfinder within that range cannot be clearly wrong. Hebert, 974 So.2d at 655.
Berrigan and Gant gave conflicting accounts regarding Gant's actions prior to the accident. Gant testified she stopped, then pulled forward and was at a complete stop when Berrigan swerved and lost control. Gant maintained that her vehicle was not in the roadway of Highland Road. Berrigan, however, testified that when she first saw Gant three to five feet ahead of her, Gant's car was entering Highland Road and was not stopped. Berrigan also indicated that Gant appeared to be talking on a cell phone, which Gant denied.
Clearly the jury's credibility determinations factored heavily in its decision. We find that the jury's assessment of 60% fault to Gant and 40% to Berrigan is within an acceptable range, and thus is not manifestly erroneous.
With regard to damages, State Farm claims it established that it paid a total of $277,657.59, to or on behalf of the Supples for repairs to their home, landscaping, value of home contents, and additional living expenses. State Farm presented evidence indicating amounts it paid. State Farm also presented the testimony of its claims representative. The claims representative was not qualified as an expert. The claims representative testified as to the amounts State Farm could recover under the policy and what portion of the expenses must be depreciated to determine the actual cash value. He explained that depreciation is not an exact science and that he considered a variety of factors to determine the depreciation figure and the items to which it should apply. Much of this, he explained, was based on judgment. He further acknowledged that using a different depreciation figure than his would yield a different actual cash value.
While we may have reached a different conclusion were we sitting as the trier of fact, we cannot conclude that the jury's calculations amount to manifest error. The jury was charged with calculating the amount owed under the policy, including the actual cash value of certain claims and was free to reject the opinion of the claims representative in doing so. Scoggins v. Frederick, 98-1814, 1815, 1816 (La. App. 1 Cir. 9/24/99), 744 So.2d 676, 687, writ denied, 99-3557 (La. 3/17/00), 756 So.2d 1141. Clearly the jury discredited the claims representative's testimony in calculating the actual cash value of amounts owed under the policy. Considering the record before us, we find no merit to this assignment of error.
For the foregoing reasons, the judgment of the trial court is affirmed in accordance with URCA Rule 2-16.1.B. Costs of this appeal are assessed to State Farm Fire and Casualty Company.
AFFIRMED.
NOTES
[1] The Supples were not at home at the time of the accident. Cornelia Roth, Ms. Supple's mother, was in the home with her sitter. Roth sustained injuries to her shoulder while escaping the burning house. Prior to the suit being filed, Roth suffered a stroke and died. The suit was filed by Richard and Linda Supple and Cornelia Roth. The claims related to Roth were resolved prior to trial. For ease of reference, we refer to the plaintiffs to that suit collectively as "the Supples."
[2] Initially, we note the facial inconsistencies of the judgment on appeal, with the judge and jury differing on allocation of fault. However, only State Farm's appeal of the judgment against Berrigan is before the court; thus our review is confined to that portion of the judgment. See Thornton v. Moran, 348 So.2d 79, 82-83 (La. App. 1 Cir. 5/9/77) (on rehearing).