466 So.2d 795 (1985)
Helen McDERMOTT, et al.
v.
Minnie JESTER, et al.
No. CA-2625.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Writ Denied May 13, 1985.
*796 Leonard J. Cline, Stephen M. Chouest, Perrin C. Butler, Metairie, for plaintiffs-appellants.
Val K. Scheurich, III, Asst. City Atty., Robert R. Gisevius, Deputy City Atty., Douglas P. Wilson, Chief Deputy City Atty., Salvador Anzelmo, City Atty., New Orleans, for defendant-appellee.
Before BARRY, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
On June 16, 1980, 16-year-old Cindy Ann McDermott was running barefoot in her long bathrobe at 11:30 p.m., when she tripped and fell on a raised section of the sidewalk in front of her house at 1901 Louisa Street. As a result of her fall Cindy sustained a fracture of the left femur and was taken to Hotel Dieu Hospital where four (4) days later she died of complications described by her treating physician as "fat embolism to lungs" and "bilateral pneumothoraces." The decedent is survived by her one-year-old son, Kevin McDermott.
A survivors' action and wrongful death action were instituted against Minnie Jester, owner of the premises, her insurer and the City of New Orleans, by McDermott's mother on behalf of Kevin McDermott. The City answered denying liability and alleging that plaintiff's contributory negligence and/or her assumption of risk barred recovery. Defendants Jester and her insuror, Bellefonte Insurance Company, settled.
After a judge trial on June 16, 1983, judgment was rendered on August 31, 1983, dismissing plaintiff's action at her costs. In his reasons for judgment, the trial judge said:
The sidewalk presented an unreasonable risk of harm to someone making normal use of it and was therefore defective, for which the City is strictly liable. Jones v. City of Baton Rouge, 388 So.2d 737 (La. 1980). But in racing back to her house, barefoot, at night, onto a sidewalk she must have known was uneven, and even considering her youth, decedent's conduct fell below the standard to which she should have conformed for her own safety and protection ...
It is from this judgment plaintiff appeals. Plaintiff alleges that: (1) the trial court *797 erred in applying contributory negligence when the liability imposed on the city is strict liability and, (2) no evidence was introduced at trial to substantiate a finding of negligence on the part of decedent.
Louisiana Civil Code Article 2317 provides, in pertinent part:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody
...
This has been interpreted to mean that it is unnecessary for the injured party seeking recovery under article 2317 to prove that a particular act or omission by the defendant caused the injuries complained of. To the contrary, the plaintiff only needs to prove that the thing which caused the injury was in the care or custody of the defendant; that the thing had a vice or defectthat it occasioned an unreasonable risk of injury to another; and that the injury was caused by the defect. Loescher v. Parr, 324 So.2d 441, 446-447 (La.1976).
It is well-established that the sidewalk in front of 1901 Louisa Street was in the care or custody of the City of New Orleans at the time of the accident. Furthermore, the sidewalk was defective in that it was cracked and elevated several inches at the point where Cindy tripped; this created an unreasonable risk of harm. However, the mere existence of a defect does not result in automatic recovery for the plaintiff; to the contrary, it must be shown that the defect caused the injury complained of and that the injury occurred through no fault of the victim.
Initially, we reiterate the language of the trial court's judgment: "The sidewalk presented an unreasonable risk of harm to someone making normal use of it and was therefore defective, for which the City is strictly liable." (emphasis added). It is necessary to note the language "normal use" in the judgment. Cindy was running barefoot, in a long robe, on a dangerously uneven sidewalk, at 11:30 p.m., in an area she had lived for six years. Obviously she was not making "normal use" of the sidewalk. The trial court found enough evidence to show that Cindy did not conform to a standard of care to which she should have for her own safety and protection. We have reviewed the record and find the evidence supports a finding that Cindy's actions were a contributing cause of her injuries.
This court has held that the City's liability for proper maintenance of sidewalks requires consideration of a pedestrian's contributory negligence. Northern v. City of New Orleans, 455 So.2d 288 (La.App. 4th Cir.1984). Additionally, in Carpenter v. State Farm Fire and Casualty Co., 411 So.2d 1206, 1210 (La.App. 4th Cir.1982) this court said:
The Louisiana Supreme Court in Dorry v. LeFleur, 399 So.2d 559 (La.1981), held that the question of whether contributory negligence should be allowed as a defense to strict liability under Article 2317 is one best decided on a case-by-case basis. That decision did provide a guiding principle, however, in holding that where the policy considerations which traditionally require the imposition of strict liability are lacking (i.e., where the defendant's conduct concerns neither ultrahazardous activity nor abnormally dangerous activity, nor liability of a manufacturer for its products, nor the realization of profit from any of these), the resolution of fault must encompass the victim's contributory negligence.
We find that under Carpenter the trial judge was proper in considering the victim's actions as a defense to the City's liability.
The accident and injury complained of here occurred in June of 1980. Act Number 431 of 1979 amending Article 2323 of the Louisiana Civil Code introduced the concept of comparative negligence, abolishing contributory negligence as a complete bar to recovery. This amendment, however, became effective August 1, 1980, with the explicit declaration that "the provisions *798 of the Act shall not apply to claims arising from events that occurred prior to the time this act becomes effective." 1979 La. Acts No. 431, § 4. As a result, to compare fault is inapplicable in this case and recovery is barred.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.