674 So.2d 1105 (1996)
Martha REICHERT, et al., Plaintiffs-Appellees-Appellants,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al., Defendants-Appellants-Appellees.
No. 26800-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1996.
*1106 Kneipp & Hastings by Donald L. Kneipp, Monroe, for Martha G. Reichert and Thomas Reichert.
Richard P. Ieyoub, Attorney General by Edward M. Campbell, Baton Rouge, for State of Louisiana, Department of Transportation and Development.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for A.L. Williams and State Farm Mutual Automobile Insurance Company.
Theus, Grisham, Davis & Leigh by Thomas G. Zentner, Jr., Monroe, for Herman Manuel and State Farm Mutual Automobile Insurance Company.
Before SEXTON, J., and CULPEPPER and PRICE, JJ. Pro Tem.

ON REMAND FROM THE SUPREME COURT
SEXTON, Judge.
This case is before us upon remand by the Louisiana Supreme Court, 95-1775 (La. 2/9/96), 667 So.2d 542. The high court vacated the judgment of this court in Reichert v. Department of Transportation and Development, 26,800 (La.App. 2d Cir. 5/10/95), 656 So.2d 47. The Supreme Court found that we had erroneously excluded exhibits 29, 33, 36 and 37 pursuant to the provisions of 23 U.S.C.A. § 409 and Wiedeman v. Dixie Electric Membership Corp., 627 So.2d 170 (La. 1993), cert. denied ___ U.S. ___, 114 S.Ct. 2134, 128 L.Ed.2d 864 (1994).
The facts of this case were stated in our earlier opinion and we will not belabor them at this juncture. In our earlier opinion, we determined that the subject exhibits were erroneously allowed into evidence, that this error by the trial court was consequential to the verdict, and the verdict was not entitled to a presumption of regularity. Accordingly, we utilized de novo review in accordance with the jurisprudence.
The Supreme Court concluded that we erred in making a de novo assessment of liability "without deference to either verdict." We were directed to render a judgment "after giving proper deference to the jury verdict and the judgment of the trial court."
In this case, the trial judge allocated 100 percent of the fault to the state of Louisiana and the jury allocated 50 percent of the fault to Williams and 50 percent of the fault to the state of Louisiana. Because we concluded in our earlier opinion that the evidence had been erroneously admitted, we did not reach the question of the inconsistency of *1107 the judge and jury verdicts. In such a case the appropriate standard of review is, once again, de novo. Mayo v. Audubon Indemnity Insurance Co., et al, 26,767 (La.App. 2d Cir. 1/24/96), 666 So.2d 1290, writ denied, 96-0457 (La. 4/1/96), 671 So.2d 325; Smiley v. Sikes, 543 So.2d 1084 (La.App. 2d Cir. 1989), writ denied, 548 So.2d 326 (La.1989); McCullough v. Regional Transit Authority, 593 So.2d 731 (La.App. 4th Cir.1992), writ denied, 595 So.2d 655 (La.1992).
Upon remand, therefore, the only difference in our de novo analysis will be the consideration of the additional exhibits which we originally held to be erroneously admitted. These are exhibits 29, 33, 36 and 37.
Relevant to exhibit 29, a letter addressed to State Representative Virgil Orr and a corresponding study, we note that this exhibit was prepared after the accident in question. This letter and report were produced pursuant to a request by State Representative Orr that a study be conducted after the accident in question. (See plaintiff's exhibit 28).
LSA-C.E. Art. 407 reads as follows:
"In a civil case, when, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This Article does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, authority, knowledge, control, or feasibility of precautionary measures, or for attacking credibility."
The prohibition against evidence of subsequent remedial measures is designed to bring within the scope of the rule any change, repair or precaution subsequent to an accident. Northern Assurance Company v. Louisiana Power & Light Co., 580 So.2d 351 (La.1991). The prohibition covers only measures taken after an event, such as post-accident repairs, installation of safety devices, changes in design, the removal of dangerous conditions, changes in procedure, the dismissal of an employee charged with causing an accident, changes in regulations, or instructions. Northern Assurance, supra.
In Rivnor Properties v. Herbert O'Donnell, Inc., 92-1103, (La.App. 5th Cir. 1/12/94), 633 So.2d 735, writ denied, 94-1293 (La. 9/2/94), 643 So.2d 147, the trial court ruled to exclude an installation manual which allegedly contained drawings and installation instructions critical to proper installation of a window wall system which was alleged to be a part of the defective design and construction of a building. This building was constructed in 1980 and the manual prepared in 1987. The third circuit affirmed the trial court exclusion of the evidence pursuant to the provisions of LSA-C.E. Art. 407.
In this case, the letter and corresponding recommendations relating to the installation of the flashing beacon and turn lanes, much like the manual in Rivnor, constitute remedial measures taken after the accident in question. This exhibit is therefore inadmissible pursuant to the provisions of LSA-C.E. Art. 407. Accordingly, it is excluded from our analysis.
As we noted in our earlier opinion, exhibits 33, 36, and 37 are favorable to the State's case. Although revealing other accidents which occurred prior to the present case, the recommendations made by the State of Louisiana clearly indicate that remedial measures were not warranted at that time. We therefore find nothing in these exhibits to alter our prior de novo analysis in this case.
Accordingly, after giving deference to the inconsistent trial court and jury verdicts, we have considered the four exhibits, along with the other evidence, de novo. We have determined that exhibit 29 is inadmissible per LSA-C.E. Art. 407 because it is a subsequent remedial measure. Further, we note that the other three exhibits are favorable to the state, as we indicated in our original opinion. We therefore determine to adhere to our prior resolution of this matter.