LUTHER E. HALL, Judge pro tem.
Plaintiffs appeal from a judgment maintaining an exception of no cause of action and dismissing their suit.
The plaintiffs are Mr. and Mrs. Hubert Ellzey; the defendants are William J. Glaser and his daughter and son-in-law, Mildred Glaser, wife of/and Sidney J. Guillot, Jr.
The petition at which the exception was levelled alleges that the defendant, William J. Glaser, being then the owner of certain lots of ground in Jefferson Parish, signed a written offer to sell such lots for $14,000; that while such offer was still open and effective plaintiffs accepted same in writing *466 and put up the deposit of $2,000; that their acceptance was duly communicated to Glaser and plaintiffs made preparations for the passage of the Act of Sale, but before the necessary papers could be drawn Glaser, in .violation and in complete disregard of plaintiffs’ rights under the contract, sold and transferred the property to the defendants, Mr. and Mrs. Sidney J. Guillot, Jr., his son-in-law and daughter; that at all times all of the defendants had direct knowledge of the contract between plaintiffs and Glaser; that all parties knew that plaintiffs were desirous of taking title to the property; that in fact plaintiffs had contracted with an architect for the construction of a building on the property and that plaintiffs would have taken title had not the defendant, Glaser, sold the property to Mr. and Mrs. Guillot; that the actions of all three defendants was in effect a conspiracy to defraud plaintiffs out of their rights under their contract, and that the real reason, why Glaser transferred the property to his daughter and son-in-law was because they thought they could get more money than the $14,000, as agreed to with plaintiffs; that Mr. and Mrs. Guillot are not bona fide third parties; that their purchase was an artifice by which title could be hurriedly transferred out of Glaser’s name so that they could obtain a higher price.
The petition concludes with a prayer for judgment decreeing the nullity of the sale by Glaser and Mr. and Mrs. Guillot and further decreeing that plaintiffs are entitled to specific performance of their contract with Glaser upon their payment to him of $14,000.
Plaintiffs further pray that they have judgment for $2,000, representing attorney’s and architect’s fees and there is an alternative prayer for judgment against Glaser for $6,000, representing double the deposit plus $1,000, attorney’s fees.
The trial court gave no reasons for holding that the petition does not disclose a cause of action, and the defendants-appellees have given us none beyond pointing out that the contract and the act of sale alluded to in the petition were not attached to the petition when filed and that plaintiffs failed to name the architect, the consideration or any payment therefor, and failed to attach a copy of the contract with the architect.
In our opinion the averments of plaintiffs’ petition are sufficient in themselves to state a cause of action without the necessity of looking elsewhere.
A petition stating a cause of action as to any ground for or portion of the demand will not be dismissed on an exception of no cause of action. Ane v. Ane, 225 La. 222, 72 So.2d 485.
Defendants-appellees’ main argument before us is that a judgment maintaining an exception of no cause of action is an interlocutory judgment and that no appeal lies therefrom, citing Rapides Cent. Ry. Co. v. Missouri Pac. R. R. Co., 207 La. 870, 22 So.2d 200.
The cited case is authority for the well-known principle that judgments overruling exceptions of no cause or right of action are interlocutory judgments and therefore unappealable unless they may cause irreparable injury.
In the instant case the judgment maintained the exception and dismissed plaintiff’s suit. Such a judgment is definitive and final, and therefore appealable. Nicholas v. Maddox, 52 La.Ann. 496, 26 So. 994; James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222; River & Rails Terminals, Inc. v. Louisiana Ry. & Nav. Co., 157 La. 1085, 103 So. 331; Interstate Electric Co. v. Interstate Electric Co. of Shreveport, Inc., La.App., 6 So.2d 39; Perot v. United States Casualty Co., La. App., 98 So.2d 584.
Reversed and remanded.