419 So.2d 1247 (1982)
Glen NORBERT, Plaintiff-Appellee,
v.
George NORBERT, et al., Defendants-Appellants.
No. 82-158.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1982.
Rehearing Denied July 21, 1982.
David A. Blanchet, Lafayette, for defendants-appellants.
Domengeaux & Wright, Richard C. Broussard, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and STOKER, JJ.
GUIDRY, Judge.
The trial court rendered judgment in the above numbered and entitled matter condemning George Norbert and Jessie Augustine, in solido, to pay $34,000.00 together with legal interest and court costs to plaintiff-appellee, Glen Norbert. This judgment was signed on September 14, 1981. Notice *1248 of this judgment was personally served on George Norbert on September 16, 1981. Thereafter, on October 2, 1981, George Norbert filed an application for new trial.[1] The hearing on the motion for new trial was originally fixed for November 9, 1981 but was refixed on two subsequent occasions and ultimately heard on December 14, 1981. On the latter date, the trial court rendered judgment denying George Norbert's application for new trial because it had not been timely filed. On February 10, 1982, George Norbert appealed devolutively from the judgment of December 14th which denied his application for new trial. We dismiss this appeal ex proprio motu.
An appellate court may dismiss an appeal on its own motion where there is no right to appeal. LSA-C.C.P. art. 2162. Bunkie Bank & Trust v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 1st (3rd) Cir. 1977).
A judgment denying a new trial is not appealable. In Shavers v. Shavers, 350 So.2d 912 (La.App. 3rd Cir. 1977), we reviewed the law applicable to an appeal from the denial of a motion for new trial stating:
"In State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481, 482 (1945) our Supreme Court stated:
"A judgment, an order, or a ruling by a district judge refusing to grant a new trial or a rehearing does not fall in the category or legal classification of a final judgment from which a litigant has the right to appeal. While such action on the part of a trial judge is not strictly or technically an interlocutory judgment, it is similar to one, because it cannot be considered a definitive judgment.
The judgment overruling the motion for a new trial and the application for a rehearing because they were not filed within the delay allowed by law is not a final judgment and in that respect is like an interlocutory one, and as it appears that irreparable injury will not result therefrom, the liquidator is without the right to appeal from it. His remedy was to appeal from the final judgment on the merits, signed on July 26, 1944..." "It is well settled that a judgment refusing a new trial is not appealable. It is not a final judgment and can produce no irreparable injury. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481."
Although unnecessary to our decision, we observe that the trial court's ruling denying appellant's application for a new trial is eminently correct.
LSA-C.C.P. art. 1974 provides the time delays for applying for a new trial:
"The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
In the instant case, notice of judgment was required. Therefore, the delay for applying for a new trial commenced on September 17, 1981, the day after the sheriff served the notice of judgment on defendant-appellant, George Norbert, and expired on September 23, 1981. Accordingly, appellant's application for new trial, irrespective of whether it was filed on the 24th day of September, 1981 or October 2, 1981, was untimely.
*1249 For the above and foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED.
ON APPLICATION FOR REHEARING
PER CURIAM.
Defendant-appellant, in his application for rehearing, urges that we erred in our conclusion that his application for new trial, if filed with the trial court on September 24, 1981, was untimely. We admit that this may have been error depending upon whether or not defendant-appellant was entitled to notice of judgment. However, reference, in our opinion, to the timeliness or untimeliness of defendant's application for new trial is pure dictum. The basis for our decision to dismiss appellant's appeal rests upon the well established premise that a judgment denying a motion for new trial, regardless of the reason for denial, is not appealable. Shavers v. Shavers, 350 So.2d 912 (La.App. 3rd Cir. 1977). Appellant's application for rehearing is denied.
NOTES
[1] The record leaves some doubt regarding the date on which the application for new trial was actually filed in the Clerk of Court's office for the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. Two "Received and Filed" stamps appear on the face of the application, one dated September 24, 1981 and the other dated October 2, 1981. The September 24, 1981 notation is not signed by the Clerk of Court or his deputy. The October 2, 1981 notation is signed. We attach no significance to this discrepancy, in that, irrespective of whether the application was received and filed on September 24th or October 2nd, it was untimely.