452 So.2d 428 (1984)
BANK OF JENA, Plaintiff-Appellee,
v.
Freddie Wayne CLARK, Defendant-Appellant.
No. 83-787.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Writ Denied October 26, 1984.
*429 Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for defendant-appellant.
Peters, Hennigan & Walters, Jimmie C. Peters, Wm. Henry Sanders, Jena, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
LABORDE, Judge.
This is a suit on a promissory note by a substitute plaintiff. The Bank of Jena, original plaintiff, sued Freddie Wayne Clark (Clark) and William Henry Sanders (Sanders), respectively, the maker and accommodation endorser of a promissory note. After paying off the debt, Sanders, by order of the court, was substituted as party-plaintiff in the instant action. Sanders subsequently obtained a default judgment against Clark on the note. Clark moved for a new trial and filed an exception of no cause of action after judgment was pronounced, contending that the default judgment was based on insufficient evidence and that the assignment of the note and/or debt to Sanders, an attorney at law, constituted an unlawful sale of litigious rights. The trial court denied the motion and overruled the exception. Defendant now attacks the default judgment on appeal. We affirm.

FACTS
Sanders is an attorney at law who represented Clark in previous litigation surrounding a drilling rig accident. During the interim of this litigation, Clark was in need of money to pay his physician for a back operation. Clark therefore executed a promissory note for $4280.41 payable to the Bank of Jena, as security for a loan. Sanders signed the note as an accommodation endorser guaranteeing payment in event of Clark's default.
This action arises out of Clark's default on the note. The Bank of Jena instituted suit against Clark and Sanders, maker and endorser respectively, for payment on the note. Sanders filed a third party demand against Clark should he be cast in judgment. The Bank of Jena entered a preliminary default against both defendants. Sanders then paid off the note to avoid judgment. By joint motion and order of the trial court, Sanders was acknowledged as assignee of the note and/or debt and substituted as party-plaintiff. On January 4, 1983, Sanders obtained a default judgment against Clark representing the amount due on the note.
*430 Following the default judgment, Clark moved for a new trial and filed an exception of no cause of action, both of which were denied and overruled. Clark now appeals contending that the default judgment should be set aside.

ISSUES
The issues presented on appeal are:
1) Whether the default judgment was confirmed on the basis of sufficient proof to establish a prima facie case in the alleged absence of a written assignment of debt, i.e., promissory note; and,
2) Whether the substituted party-plaintiff, an attorney at law and accommodation endorser, acquired litigious rights by assignment in contravention of LSA-C.C. art. 2447.
At the outset, we note that a trial court judgment denying a motion for a new trial is not appealable. Norbert v. Norbert, 419 So.2d 1247 (La.App. 3rd Cir.1982). In accord, a trial court judgment overruling an exception of no cause of action is interlocutory and unappealable as well. Ellzey v. Glaser, 128 So.2d 465 (La.App. 4th Cir. 1961). In the instant case, it appears at first glance that Clark appeals from such unappealable trial court rulings. However, Clark's appellate brief serves to attack the validity of the default judgment for want of sufficient and prima facie proof of claim. For this reason, we will consider the merits of Clark's appeal limiting our review to the validity of the default judgment and sufficiency of the evidence offered in the record. Weaver v. Weaver, 438 So.2d 1149 (La.App. 1st Cir.1983).

Issue # 1: Default Judgment
On January 4, 1983, Sanders, the substituted party-plaintiff, confirmed and obtained a default judgment against Clark representing the indebtedness on the promissory note. Clark moved for a new trial which was denied on June 24, 1983. Clark appeals, contending that a new trial should have been granted since the default judgment was rendered on insufficient evidence, namely, that Sanders failed to offer into evidence a written assignment of the promissory note and/or indebtedness. Defendant argues that a default judgment should not have been rendered in the absence of a written assignment of the debt being introduced into the record.
In confirming a default, plaintiff has the burden of proving, by competent evidence sufficient to establish a prima facie case, the essential elements of his claim. LSA-C.C.P. art. 1702; Lloyd v. Hunt Exploration, Inc., 413 So.2d 327 (La.App. 3rd Cir.1982). On appeal, the defendant has the burden of overcoming the presumption that the judgment was rendered upon sufficient evidence and that it is correct. Landry v. Guillory, 344 So.2d 1138 (La.App. 3rd Cir.1977).
After a thorough review of the record, we find that the Bank of Jena and Sanders entered into a joint motion to substitute the latter as party-plaintiff. The substance of this motion and order provides in part:
"Appearers desire that William Henry Sanders be substituted as party-plaintiff in the place of the Bank of Jena and be assigned all rights therein:" Tr. 8 (Emphasis Added)
The motion was granted and the order containing this language was signed by the trial court and made a part of the record prior to the confirmation of the default by Sanders. The court, having taken judicial notice of the record, was therefore presented with a writing evidencing an assignment from the Bank of Jena to Sanders. Contrary to defendant's contention that there is no written evidence of an assignment, we hold that the joint motion and order in the record constitutes competent evidence which establishes a prima facie proof of an assignment of the note and/or debt to Sanders.
In any event, even if we were to find that there was no written assignment, it is well settled that when the record is silent, it is presumed that a default judgment *431 was based upon sufficient evidence and that it is correct. In order to obtain a reversal of a default judgment, defendant must overcome this presumption. Colonial Bank v. Baptiste, 370 So.2d 681 (La. App. 4th Cir.1979). We hold that defendant, Clark, has failed to overcome this presumption.
Accordingly, defendant's motion for a new trial was properly denied by the trial court. We hold that there is sufficient prima facie evidence in the record to warrant a default judgment in favor of the substituted party-plaintiff, Sanders.

Issue # 2: Litigious Rights
Defendant filed an exception of no cause of action following the default judgment contending that the substituted plaintiff, Sanders, an attorney at law, failed to state a valid cause of action. As a basis for this exception, Clark argues that the assignment of the note and/or debt to Sanders constituted an unlawful sale of litigious rights to an officer of the court. Defendant relies on LSA-C.C. article 2447, which provides:
"Art. 2447. Sale of litigious rights
Public officers connected with courts of justice, such as judges, advocates, attorneys, clerks and sheriffs, can not purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity, and of having to defray all costs, damages and interest."
In applying article 2447 to the instant situation, we find that it does not prohibit an endorser of a note or an assignee with a legitimate personal interest, who by circumstance happens to be an attorney, from pursuing a reasonable means of recovery. Whalen v. Brinkmann, 258 So.2d 145 (La.App. 1st Cir.1972). The record unequivocally establishes that Sanders was an accommodation endorser on the promissory note executed by the maker, Clark. Sanders paid off the note to avoid judgment against himself. It is apparent that his motive in paying off the loan to acquire the assigned rights of the Bank of Jena was not to purchase detached and independent litigious rights as contemplated by, and in contravention of article 2447. This article does not prohibit an accommodation endorser, who has paid off the principal debt and is also an attorney, from having an otherwise valid right of recovery against the principal debtor. Whalen v. Brinkmann, supra.
Our research reveals that after payment of the principal debt, Sanders became legally subrogated to the rights of the principal creditor and by operation of law is entitled to a right of recourse on the instrument. LSA-R.S. 10:3-415(5); C.C. art. 2106; Daigle v. Chaisson, 396 So.2d 573 (La.App. 3rd Cir.1981).
Accordingly, we hold that the assignment of the note and/or debt from the Bank of Jena to Sanders, did not constitute a sale of litigious rights in contravention of LSA-C.C. art. 2447. The trial court properly denied defendant's exception of no cause of action.

DECREE
For the foregoing reasons, the trial court's judgment is affirmed at appellant's cost.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
GUIDRY, Judge, concurring.
Appellant, Freddie Wayne Clark, did not appeal from the money judgment rendered against him in favor of William Henry Sanders dated January 4, 1983. Rather, the record clearly reflects that the only appeal taken in this matter is from the judgments rendered June 24, 1983, which denied Clark's motion for new trial and overruled the exception of no cause of action filed by him post judgment. The judgments appealed from are interlocutory judgments from which no appeal lies. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481 (1945); Shavers v. Shavers, 350 So.2d 912 (La.App. 3rd Cir.1977); Norbert *432 v. Norbert, 419 So.2d 1247 (La.App. 3rd Cir.1982); Ellzey v. Glaser, 128 So.2d 465 (La.App. 4th Cir.1961). An appellate court may dismiss an appeal on its own motion where there is no right of appeal. La.C.C.P. Art. 2162; Bunkie Bank & Trust v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 3rd Cir.1977).
I conclude that the judgment of January 4, 1983 is now final and appellant's appeal should be dismissed ex proprio motu. For these reasons, I respectfully concur in the result.