GUIDRY, Judge.
On April 6, 1983, Marshall Marcotte filed suit for wages allegedly due under an employment contract against Exper Tech Company USA. As a provisional remedy in this suit, plaintiff additionally sought and obtained the issuance of a writ of attachment upon furnishing security as required by LSA-C.C.P. Art. 3501. As a result, certain equipment owned by defendant was seized. Defendant answered the petition by general denial. On May 10, 1983, by ex parte motion and order, plaintiff had the writ of attachment dissolved and the bond cancelled. Defendant thereafter reconvened for damages for wrongful attachment, naming Frank Marshall Marcotte and American Employers Insurance Company as defendants in reconvention. Defendant timely appealed the ex parte order of the trial judge dated May 10, 1983, only insofar as it cancels the bond for the writ of attachment.
Defendant contends that the trial court erred in cancelling by ex parte order the security for the writ relying on LSA-C.C.P. Art. 3512 which provides as follows:
“The security required of the plaintiff for the issuance of a writ of attachment or of sequestration shall be released when judgment is rendered in his favor and is affirmed on appeal or when no appeal has been taken and the delay for appeal has elapsed.”
*437 We dismiss the appeal on our motion,[1] finding that the ex parte order of the trial judge, insofar as it cancels the bond, is a non-appealable interlocutory judgment.
LSA-C.C.P. Arts. 1841 and 2088 provide as follows:
Art. 1841. Judgments, interlocutory and final
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.”
Art. 2083. Judgments appealable
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
The trial judge’s ex parte order disposes of no issues on the merits in whole or in part. LSA-C.C.P. Art. 1841. The question of whether or not the writ was wrongfully obtained resulting in damages to Exper Tech remains to be tried on the merits. Defendant has failed to allege irreparable harm and we see none. Defendants in reconvention (appellees) concede in brief that the trial judge’s order cancelling the bond has no effect on the liability of the Surety for the actions of the Principal while the bond was in effect. In any event, the correctness of the trial court’s ex parte order cancelling the security is subject to review on appeal from final judgment.
For the above and foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED.

. An appellate court may dismiss an appeal on its motion where there is no right to appeal. LSA-C.C.P. Art. 2161; Norbert v. Norbert, 419 So2d 1247 (La.App. 3rd Cir.1982).