GUIDRY, Judge.
Plaintiffs filed the instant suit seeking a mandatory injunction requiring the removal of a mobile home, owned and occupied by defendants, from a lot of ground in the LeDoux Subdivision No. 1, Sulphur, Louisiana. Plaintiffs urged, in support of their demand, that the presence of the mobile home violated one of the subdivision’s restrictive covenants which reads as follows:
“No trailers, ... are to be placed on any lots in LEDOUX’S SUBDIVISION NO. 1 which at any time may be used as a *711 residence either temporarily or permanently.”
Defendants answered and reconvened urging that (1) the restrictive covenants had been abandoned by reason of repeated violations over the years and were therefore unenforceable; (2) the prohibition against trailers should not be interpreted as applying to a mobile home and/or manufactured housing; and, (3) plaintiffs are estopped to demand removal of defendants’ mobile home from LeDoux Subdivision No. 1. In reconvention, defendants sought judgment against plaintiffs for all costs of moving the mobile home in the event the court orders the mobile home be removed from the subdivision, the basis for such relief being the factual circumstances urged in support of their plea of estoppel.
After several continuances, the matter was fixed for trial. On the day of trial, for reasons not made clear in the record, the parties elected to try only the issue concerning whether the restrictive covenant prohibiting trailers as temporary or permanent residences on LeDoux Subdivision No. 1 lots was intended to include mobile homes and/or manufactured housing, the other issues to be tried and considered in further proceedings. Subsequent to this hearing, the court, for oral reasons, concluded that the restrictive covenant applied to a mobile home. On April 11, 1986, the trial court signed what it designated as a “PARTIAL JUDGMENT” which reads in pertinent part as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the issue raised in the First Amended and Supplemental Answer of the defendants, JOHN AND MILDRED HASTINGS, asserting that the movable structure which was placed on a lot in LeDoux’s Subdivision Number One was a ‘manufactured home’ and as such, was not in violation of the Restrictive Covenants relative to LeDoux’s Subdivision Number One in that the manufactured housing, buy [sic] definition, is not a ‘trailer’ as envisioned in Paragraph # 3 of the Restrictive Covenants pertaining to the Subdivision. The Court ruled that such an argument is without merit, and found as a matter of Law [sic] that the movable property ‘structure’ was in truth and fact a ‘trailer’ as invisioned [sic] in the Restrictive Covenants causing the defendants, JOHN AND MILDRED HASTINGS, to be in violation of Paragraph #3 of the Restrictive Covenants of LeDoux’s Subdivision Number One as alleged by the plaintiff, THOMAS H. JENKINS.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that to whatever extent there may exist the rest, residue and remainder of the defense(s) of the defendants, JOHN AND MILDRED HASTINGS, same may be litigated in a supplemental and continuing proceeding through other proceedings provided by this Honorable Court and the Law [sic].”
From this “PARTIAL JUDGMENT” defendants took this suspensive appeal.
We dismiss this appeal ex proprio motu. An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. (La.C. C.P. art. 2083). A final judgment is one which determines the merits of a controversy in whole or in part. (La.C.C.P. art. 1841). The judgment appealed from does neither. Rather, the judgment expresses the trial court’s conclusions on only one issue raised by defendants in opposition to plaintiffs’ demand and is, at best, an interlocutory judgment which causes appellants no irreparable injury. The genius of our law does not sanction piecemeal appeals.
For these reasons, we dismiss this appeal ex proprio motu. La. C.C.P. art. 2162; Bunkie Bank & Trust Company v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 1st Cir.1977); Norbert v. Norbert, 419 So.2d 1247 (La.App. 3rd Cir.1982); Marcotte v. Exper Tech Co. USA, 452 So.2d 436 (La.App. 3rd Cir.1984); First Federal Savings and Loan Association of Opelousas v. Manuel, 479 So.2d 379 (La.App. 3rd Cir.1985).
APPEAL DISMISSED.