WICKER, Judge.
Plaintiff, Lesley Andras, appeals a summary judgment in favor of Taulli Construction Company, Inc., owner and lessor of the crane which caused his on-the-job injury. We reverse and remand.
Andras worked as a welder for South-port Construction Company when he was injured on May 15, 1984. The hook on a crane caught on his glove, lifting and dropping him from a height of about twenty-five feet; and he sustained multiple fractures. Andras originally sued Manitowoc Coastal States Sales & Service Company, Inc. and Manitowoc Engineering Company, manufacturer and supplier respectively of the crane. He added Bud Taulli Construction Company, alleged owner and lessor of the crane and employer of the crane operator. Later, he also added Taulli Construction Company, Inc. (Taulli). Taulli Construction Company, Inc. third-partied An-dras’ employer, Southport; and Southport’s worker’s compensation carrier, United States Fidelity and Guaranty Company, intervened for compensation payments. Manitowoc Coastal States Sales & Service Company, Inc. and Bud Taulli Construction Company have been dismissed from the suit.
Taulli filed an exception of prescription which was denied in 1986, except for Mrs. Andras’ claims of loss of consortium. It moved for summary judgment in June of 1989 on the grounds there was no defect in the crane and it did not employ or otherwise control the crane’s operator. The hearing on the summary judgment was continued at Andras’ request for the purpose of obtaining discovery. Taulli supplemented its motion in November of 1989 to add a request for penalties. Taulli moved to reset the hearing on the motion in November. Andras, with no opposition from the other parties, again asked for a continuance in December on the grounds his attorney had another trial scheduled. The motion was finally heard on February 9, 1990.
Taulli’s motion for summary judgment was based on two contentions: there was no defect in the crane it leased to South-port and the crane operator was a South-port employee. Andras contends the opposite: there is evidence that the crane was defective and that the crane operator was Taulli’s employee. Andras’ opposition to summary judgment included an unsigned affidavit of Gary Heath, a former South-port employee. His attorney explained his inability to get the signature by the employee’s having left the New Orleans area.
The judge granted the summary judgment, finding
no countervailing affidavits were filed in opposition to the Motion for Summary Judgment, no evidence was presented to refute the clear and undisputed testimony, and after considering all legal complexities, including the issues of worker compensation, products liability, negligence and strict liability, it [is] the opinion of the Court that the Motion for Summary Judgment should be grant-ed_
Andras moved for a new trial on the grounds that he now had been able to obtain Heath’s notarized signature. The affidavit of his counsel stated that he had learned only several weeks prior to the motion that Heath had pertinent knowledge and that because of Heath’s relocation to Vermont he’d had trouble contacting him and obtaining his affidavit. He argued that Heath was reluctant to come forward earlier as he was still employed by South-port. Heath’s affidavit, dated February 15, 1990, was attached. The judge denied the motion, and Andras appealed suspensively.
Andras claims that the judge erred in three respects: (1) he should have held open the summary judgment proceedings until Andras had time to get the affidavit signed; (2) he should not have granted summary judgment since the evidence, *337 Heath’s affidavit, disclosed genuine disputed issues of material fact; and (3) he should have granted the motion for new trial. Taulli argues that (1) an unsigned affidavit has no evidentiary value, (2) there are no disputed genuine issues of material fact, and (3) the denial of a new trial was proper considering the time Andras had to oppose its motion for summary judgment.
MOTION FOR A NEW TRIAL
The denial of a motion for a new trial is an interlocutory judgment which is generally not appealable. State v. Martin, 207 La. 410, 21 So.2d 481 (La.1945); Bank of Jena v. Clark, 452 So.2d 428 (La.App. 3rd Cir.1984), writ denied 458 So.2d 476 (La.1984). However,
When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment appealed from....
This court is thus clearly entitled, on appeal from the final judgment in the cause, to review the correctness or not of the trial court’s holding that the plaintiffs’ application for a new trial was not timely filed. To hold otherwise would impregnate with unreviewability an incidental trial ruling which, if indeed unre-viewable, deprives the plaintiffs of their right of appeal, favored by law. If we so held otherwise, the trial ruling, even though regarded as interlocutory, would be one causing irreparable injury if incorrect, and thus reviewable under LSA-CCP Art. 2083 by independent appeal.
Bielkiewicz v. Insurance Company of North America, 201 So.2d 130, 135 (La.App. 3rd Cir.1967) (citations omitted). Accord: Carville v. City of Plaquemine, 303 So.2d 289 (La.App. 1st Cir.1973).
We believe the judge abused his discretion in denying the motion for a new trial. We agree that Andras’ unsigned affidavit had no evidentiary value. Porche v. City of New Orleans, 523 So.2d 2 (La.App. 4th Cir.1988). However, we believe that An-dras adequately explained his failure to obtain the signature earlier. While his attorney may have been slow in completing discovery following Taulli’s motion for summary judgment, a reading of the deposition of Taulli’s secretary-treasurer reveals the extreme difficulty Andras’ attorney had obtaining answers to questions and legible documents. La.C.Civ.P. art. 1973 provides that “[a] new trial may be granted in any ease if there is good ground therefor, except as otherwise provided by law.” We believe that there was good ground for granting the new trial.
SUMMARY JUDGMENT
If the judge had granted the new trial, he would have been able to consider Heath’s affidavit. That affidavit stated that Heath was the architectural superintendent for Southport at the time of An-dras’ accident, that he was familiar with Southport’s hiring practices and leasing agreements, that he had personal knowledge of the crane lease and the employment of its operator, that the operator was a Taulli employee, that Taulli insisted on its own employee for the term of the lease in order to protect its equipment, that the operator was on Southport’s payroll as a convenience to Taulli and as protection to Taulli from liability, that the operator reported to Taulli and was supervised by Taulli’s representatives in operation and maintenance of the crane, that safety hooks were available for the crane but were not supplied or recommended by Taul-li, and that such hooks would have prevented the accident.
Heath’s affidavit supports two possible theories of liability: that Taulli was responsible for its employee and that Taulli furnished a crane without the necessary safety equipment. The statement concerning safety hooks is questionable, since Heath is not an expert on crane safety. The headache ball and hook that came with the crane had the safety devices referred to by Heath, and the hook which caught Andras’ glove was not the hook suspended by the headache ball and furnished by Taulli. The other hook, which did catch Andras’ glove and which was allegedly not equipped with safety devices, was furnished by and belonged to Southport according to uncontra-dicted deposition testimony. Taulli cannot *338 be held liable for Southport’s failure to provide safety hooks. Furthermore, An-dras’ own expert, Fred Liebkemann, testified that the crane was not defective.
The allegation in Heath’s affidavit that the operator was a Taulli employee, however, does raise a genuine, if weak, disputed factual issue. There is, in addition, deposition evidence that Peter Taulli, Taul-li’s secretary-treasurer, visited the work site frequently and referred to the crane operator as “my boy.” On the other hand, the record contains testimony of the crane operator himself, Frank Knoten; South-port’s steel manager, Wilbert LeBlanc; and Peter Taulli that Knoten was Southport’s employee.
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants ....
[[Image here]]
The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits....
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there had been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated....
Industrial Sand and Abrasives v. L. & N.R. Co., 427 So.2d 1152, 1153-54 (La.1983) (citations omitted). See also Weston v. Raymond Corp., 531 So.2d 528 (La.App. 5th Cir.1988), writ denied 533 So.2d 360 (La.1988). We are reluctant to dismiss An-dras’ claim on summary judgment. When we closely scrutinize Taulli’s evidence and indulgently treat Andras’ evidence, we conclude that he has raised an issue of fact which is entitled to a hearing.
We reverse the summary judgment in favor of Taulli Construction Company, Inc. and against Lesley Andras and remand the case for further proceedings.
REVERSED AND REMANDED.