GAUDIN, Judge.
Appellant Joseph N. Hamrick contends that the following issues should be resolved only after a trial.
(1) Was the placing of the sign, directly in the path of vehicles approaching the cross roadway, negligence?
(2) Was the rigid construction of the sign negligence?
(3) Should the sign, placed where it was, have been installed with warning lights or devices?
Apparently there is little jurisprudence on these issues. There are reported cases involving telephone poles, light standards and obstructions necessary to the flow and control of vehicular traffic but we are unaware of any eases dealing with a rigid metal sign just beyond and directly facing motorists entering a T-intersection from the intersecting (not the cross) roadway. In any event, as Louisiana now has comparative negligence, the issues raised by Hamrick are of enough substance to defeat summary judgment.
We set aside the summary judgment in Occidental Chemical Corporation’s favor and we remand for further proceedings with costs of this appeal to be determined by the district judge in due course.
SUMMARY JUDGMENT SET ASIDE; REMANDED.
BOWES, J., dissents with written reasons.
WICKER, J., dissents for reasons assigned by BOWES, J.