732 So.2d 624 (1999)
Shelton Chad GRIFFIN, Plaintiff-Appellant,
v.
HCA HIGHLAND HOSPITAL, INC., Defendant-Appellee.
No. 31,741-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*625 Jeffrey L. Little, Shreveport, Counsel for Appellant.
Pettiette, Armand, Dunkelman, Woodley, & Byrd By Joseph S. Woodley, Shreveport, Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
The plaintiff, Shelton Chad Griffin ("Griffin"), appeals a judgment of the First Judicial District Court, Caddo Parish, the Honorable Frank H. Thaxton, III, presiding. Griffin filed suit seeking to recover damages for a staph infection allegedly *626 contracted from a surgical instrument during surgery performed at Highland Hospital. Following a trial on the merits, the jury found HCA Highland Hospital ("Highland Hospital") not at fault and rendered judgment dismissing the plaintiffs claim. We affirm.

FACTS
The plaintiff, Shelton Chad Griffin, damaged his right knee playing high school football. Griffin was treated by orthopedic surgeon, Dr. Craig Springmeyer. Dr. Springmeyer scheduled Griffin for arthroscopic surgery to repair the damaged knee. The procedure was performed on June 16, 1993 at Highland Hospital. Ordinarily, surgeons use a 30° arthroscope and a 45° arthroscope. However, during this procedure Dr. Springmeyer advised the nurses that he needed to utilize a 70° scope. He was told by the nurse that it would take twenty (20) minutes to soak the scope in Cidex for sterilization. Two days after the procedure, Griffin was readmitted to Highland Hospital suffering from an infection to his knee. The germ identified as the source of the infection was staphylococcus aureus.
On May 6, 1994, Griffin filed suit alleging that Highland Hospital failed to take adequate preventive measures to avoid infection, failed to notify the physician or patient of infection risks and/or problems during Griffin's knee surgery and that the infection resulted in Griffin suffering cartilage loss and chondromalacia. On May 27, 1994, Highland Hospital filed an answer denying the allegations of Griffin's petition.
During the trial on the merits, Griffin urged that Highland Hospital failed to properly sterilize the arthroscope used during his knee surgery which caused his infection. The arthroscope should have been soaked for twenty (20) minutes but it was only soaked for ten (10) minutes.
The jury heard the testimony of three expert witnesses, including the plaintiffs expert witness, who all agreed that soaking the arthroscope in Cidex was an acceptable hospital practice and that a two (2) minute soak would have killed the germ which caused Griffin's infection. The jury found that Griffin failed to prove by a preponderance of the evidence that Highland Hospital, through its employees, breached a duty owed to him. Griffin's claim was dismissed with prejudice.
On March 11, 1998, Griffin filed a Motion for Judgment Notwithstanding the Verdict, and alternatively, for a New Trial. After the submission of briefs, without oral argument, the trial court denied the Motion for Judgment Notwithstanding the Verdict and the Motion for a New Trial. The plaintiff now appeals, urging three assignments of error.

BREACH OF THE STANDARD OF CARE
In the first assignment of error, Griffin urges that the trial court was clearly wrong in not finding that the defendant breached its standard of care. Griffin asserts that the standard of care required sterilization of the arthroscope, that the hospital policy required that one form of sterilization (i.e., Steris system) be used on all scopes and that there was no evidence that the scope was sterilized.
Griffin further urges that the Center for Disease Control (CDC) recommendations set forth that if sterilization cannot be achieved (if this is not feasible)[1], then the instrument should receive at least high level disinfection[2] and that the evidence shows that the scope was not soaked for 20 *627 minutes as required by the manufacturer of CidexPlus to achieve high level disinfection.
However, Highland Hospital contends that the jury correctly found that Highland Hospital breached no duty owed to Griffin, that it was acceptable practice to soak an arthroscope in a solution of Cidex, that evidence was presented to show that Cidex kills staphylococcus aureus within two minutes of contact, and that when the scope was delivered to the surgical field no viable staphylococcus aureus was present on the scope. The defendant further contends that the bacteria could have come from Griffin's skin following the betadine scrub, that staphylococcus aureus is a common bacteria found on the skin and in the air and that infection is a known surgical risk.
In a medical malpractice action against a hospital, the plaintiff must prove that the defendant owed plaintiff a duty to protect against the risk involved, that defendant breached its duty and that plaintiffs injury was caused by defendant's conduct. Smith v. Dept. Of Health & Human Resources Administration, 523 So.2d 815 (La.1988). A hospital is bound to exercise the requisite amount of care that the patient's condition may require, and to protect the patient from external circumstances peculiarly within the hospital's control. A determination of whether a hospital has breached those duties depends upon the facts and circumstances of each case. Roberts v. Cox, 28,094 (La.App. 2 Cir. 2/28/96), 669 So.2d 633, 641; Smith v. Dept. Of Health & Human Resources Administration, supra; Hunt v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974). The burden of proving both the existence of injuries and a causal connection between them and the accident rests with the plaintiff, and such proof must be shown to a legal certainty and by a legal preponderance of the evidence. Jones v. Rapides General Hosp., 598 So.2d 619 (La. App. 3 Cir.1992).
After a careful examination of the evidence in this case, and applying the standard of appellate review as set out in Canter v. Koehring Co., 283 So.2d 716 (La.1973), we cannot say the trial court was manifestly erroneous in finding that Highland Hospital was not negligent in the care it provided Griffin. Griffin failed to prove that the infection was caused by an act or omission on the part of the defendant hospital, nor did he prove that Highland Hospital staff failed to take adequate preventive measures to avoid the infection in his knee.

JURY INSTRUCTION
In the second assignment of error, Griffin urges that he asked for a jury instruction from Cangelosi v. Our Lady of the Lake Med. Ctr., 564 So.2d 654 (La.1989) and that the trial court erred in refusing to charge the jury on the applicable doctrine of Res Ipsa Loquitur. Griffin further asserts that the doctrine of Res Ipsa Loquitur is appropriate because the defendant was in charge of the arthroscopy, that the evidence is more accessible to the defendant and that the 10 minute soak "instead" of Steris sterilization creates an inference of negligence.
The defendant counters that the trial court correctly instructed the jury on the burden of proof and that the instruction accurately stated the law. The defendant further argues that the doctrine of res ipsa loquitur is not applicable to the instant case because proof that Griffin's injury probably would not have occurred in the absence of negligence and proof that the defendant had actual control of the instrumentality or condition that caused the injury is absent in this case.
Res ipsa loquitur is an evidentiary principle, the applicability of which can only be determined at the conclusion of trial. Res ipsa loquitur is a rule of circumstantial evidence. Where there is no direct evidence to show cause of injury, and the circumstantial evidence indicates that the negligence of defendant is the most plausible explanation for the injury, *628 the doctrine applies. Roark v. St. Paul Fire & Marine Ins. Co., 415 So.2d 295, 299 (La.App. 2 Cir.1982); McCann v. Baton Rouge General Hospital, 276 So.2d 259 (La.1973).
To apply the doctrine of res ipsa loquitur, three criteria must be met:
(1) The accident must be of a kind that does not ordinarily occur in the absence of negligence;
(2) The injury was caused by an instrumentality within the control of defendant; and
(3) Evidence as to the cause of the accident is more readily available to the defendant. Boudreaux v. American Insurance Co., 262 La. 721, 264 So.2d 621 (1972); Ray v. Ameri-Care Hospital, 400 So.2d 1127 (La.App. 1st Cir.1981), writ denied, 404 So.2d 277.
On the other hand, application of the principle is defeated if an inference that the injury was due to a cause other than the defendant's negligence can be drawn as reasonably as one that it was due to his negligence. Boudreaux v. American Ins. Co., supra at 636.
The evidence shows that infection is a risk of any surgical procedure and that staphylococcus aureus is a common bacteria found on the skin and in the air. The evidence does not establish that plaintiff's infection would not ordinarily have occurred without the negligence of Highland Hospital. Therefore, we must conclude that an essential element for the applicability of res ipsa loquitur is missing and that the trial court was not clearly wrong in not issuing a res ipsa loquitur jury charge or in not granting a new trial.

CONCLUSION
For these reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] Based upon the testimony of Sue Crow, RN, "if it is not feasible" means an emergency situation.
[2] High Level disinfection is reached when the scope is soaked in a solution called Cidex at the recommended temperature for the recommended period of time. Manufacturers of Cidex recommend a minimum 20 minute soak to achieve high level disinfection. Another version, Cidex 7 requires a 90 minute soak to achieve high level disinfection and CidexPlus recommends a 20 minute soak to achieve high level disinfection.