745 So.2d 161 (1999)
Lorita BROOKS, Plaintiff-Appellant,
v.
TUESDAY MORNING, INC. CO., Defendants-Appellees et al.
No. 32,452-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
*163 Daye, Bowie & Beresko, A P.L.C. by David P. Daye, Shreveport, Counsel for Appellant.
Mayer, Smith & Roberts, L.L.P. by: Deborah Shea Baukman, Shreveport, Counsel for Appellees.
Before GASKINS, KOSTELKA, DREW, JJ.
KOSTELKA, J.
Lorita Brooks ("Brooks") appeals the summary judgment rendered in favor of Tuesday Morning, Inc. ("Tuesday Morning") and Liberty Mutual Insurance Company ("Liberty Mutual"), dismissing her claim for damages arising from alleged injuries she received when a suitcase fell from a shelf located in defendant's discount store onto her head. We affirm in part, reverse in part, and remand for further proceedings.

FACTS
At approximately 8:00 a.m. on May 14, 1997, Brooks and her husband waited for the doors of Tuesday Morning, a discount retail store, to open for an advertised luggage sale. When the store opened, Louis Brooks first obtained a shopping cart from the front of the store. Brooks and approximately ten to fifteen other customers went immediately to the rear of the store where the luggage was located. The luggage was displayed on freestanding metal shelves which measured approximately two feet deep, four feet wide and eight feet high. Each unit was divided into two three-foot bins on the lower levels and one two-foot bin at the six-foot level. On the day of the accident, there was also a separate display table approximately two feet in front of those shelves. It was the practice of the employees to stack the luggage vertically or place it on its side. However, items which were not on sale were normally placed backside down at the highest, eight-foot level on the top of the unit.
Ordinarily, advertised sale items were placed on the floor or in the bins which could be reached by customers due to the quick pace of sales and the smaller sale pieces were placed at the higher levels and the larger ones at the lower levels.
Brooks shopped the lower shelf and/or table and others customers shopped beside her. As she focused on the baggage, a piece of luggage (measuring 29"× 18-½"× 11") fell from a shelf above the five-foot two-inch Brooks and struck her in the head. This was approximately three to five minutes after she had entered the store. Although paramedics were called to the scene, Brooks and her husband went home from the store. They eventually purchased a piece of the advertised sale luggage like the one that hit her.
Claiming damages as the result of injuries allegedly received from this incident, Brooks filed suit against Tuesday Morning and its insurer, Liberty Mutual. Thereafter, Tuesday Morning and Liberty Mutual filed a motion for summary judgment alleging that Brooks could not carry her burden of proving a premise hazard. In *164 opposition, Brooks argued that a material issue of fact remained as to whether or not the luggage was properly stacked, pointed out that a summary judgment dismissing the entire action would be inappropriate because Liberty Mutual had not paid medical benefits to which she was entitled under the no fault provision in its medical payments clause of the policy and urged the application of res ipsa loquitur.
The trial court granted summary judgment in favor of Tuesday Morning and Liberty Mutual concluding that Brooks presented no evidence to establish causation and finding res ipsa loquitur inapplicable to the case. The court failed to address the issue of medical payments.
Thereafter, on September 8, 1998, Brooks filed a motion for new trial based upon the issue of medical expense payments only. Tuesday Morning and Liberty Mutual opposed the motion claiming that the medical expenses had been paid subsequent to the filing of Brooks motion for new trial which now contained adequate proof of loss. After the trial court denied the new trial, this appeal ensued.

LAW
Of course, the legal principles regarding summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Mixon v. Progressive Specialty Co., 29,698 (La.App.2d Cir.06/18/97), 697 So.2d 662. The burden is on the mover to establish that there is an absence of factual support for one or more of the essential elements of the adverse party's claims. If the nonmoving party then fails to produce factual support sufficient to establish that he will be able to satisfy the evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149.
The opponent cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. La. C.C.P. art. 967. Although the burden of proof remains the same under the recent amendment to La. C.C.P. art. 966, the summary judgment procedure is now favored to secure the just, speedy, and inexpensive determination of all except certain disallowed actions. Acts 1996, 1st Ex. Sess., No. 9. An appellate court reviews summary judgments de novo under the same criteria that govern the district court's consideration of the appropriateness of summary judgment. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.07/05/94), 639 So.2d 730.
Tort claims against merchants for injuries resulting from objects falling on their patrons are regulated by La. R.S. 9:2800.6(A) which states:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
A plaintiff who is injured by falling merchandise must prove that a hazardous condition or defect existed presenting an unreasonable risk of harm which caused the injury. A premise hazard is a condition which causes an unreasonable risk of harm to customers under the circumstances. A plaintiff may prove the existence of a premise hazard by circumstantial evidence. Lopez v. Wal-Mart Stores, Inc., 94-2059 (La.App. 4th Cir.08/13/97), 700 So.2d 215, writ denied, 97-2522 (La.12/19/97), 706 So.2d 457. Circumstantial evidence is sufficient to meet the burden of preponderance when "taking the evidence as a whole, such proof shows that the fact of causation sought to be proved is more probable than not." Whitt v. Wal-Mart Stores, Inc., 96-906 (La.App. *165 5th Cir.03/12/97), 690 So.2d 1009. Once a plaintiff makes a showing that a hazard existed, the burden shifts to the merchant to demonstrate that it used reasonable care to avoid such hazards. Lopez, supra.

DISCUSSION

Store Manager Affidavit
On appeal, Brooks first argues that the trial court erred in accepting, in support of summary judgment, the affidavit of the store manager which she claims sets forth an opinion regarding the ultimate fact of whether or not the luggage was stacked properly. The store employee stated that in order to ascertain that the luggage was "properly stacked on the store shelves" and in "no danger of falling," she "personally observed the luggage at issue and ascertained that it was properly stacked before the store was opened," and that after the accident she "observed the luggage on the top shelf finding that, although it was in the process of being shopped by those customers still present, it was still properly merchandised and in no danger of falling."
When read in context, the witness's statement that the luggage was properly stacked and in no danger of falling was based upon that which she observed. Accordingly, we find the statement to have been one based upon personal knowledge, i.e., something which the witness actually saw or heard as distinguished from something she learned from some other person or source. Gardner v. Louisiana State University Medical Center in Shreveport, 29,946 (La.App.2d Cir.10/29/97), 702 So.2d 53. Moreover, in its reasons for judgment, the trial court nowhere considers the store manager's testimony. Rather, it bases its judgment on the lack of evidence regarding causation presented by the Brooks' affidavits and their depositional testimony. We, accordingly, find no merit to this argument.

Res Ipsa Loquitur
Brooks next urges that the trial court erred in rejecting the application of res ipsa loquitur to the facts of this case.
Res ipsa loquitur (the thing speaks for itself) is an evidentiary doctrine used to prove a tort claim by circumstantial evidence. The doctrine permits the inference of negligence on the part of the defendant from the circumstances surrounding the injury when direct evidence is not available. Pugh v. Beach, 31-361 (La.App.2d Cir.12/11/98), 722 So.2d 442. Three elements must be satisfied for the doctrine of res ipsa loquitur to apply: (1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant; (2) the defendant had exclusive control over the thing causing the injury; and (3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on defendant's part. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992); Pugh, supra.
The defendant's negligence is inferred when that inference, under the facts of the case, is probable and more plausible than any other explanation offered. Pugh, supra. Accordingly, application of the principle is defeated if an inference that the injury was due to a cause other than the defendant's negligence can be drawn as reasonably as one that it was due to his negligence. Griffin v. HCA Highland Hospital, Inc., 31,741 (La.App.2d Cir.03/31/99), 732 So.2d 624.
The trial court rejected the application of res ipsa loquitur finding that "it is just as likely, if not more likely, that the actions or negligence of another patron caused the luggage to fall." We agree. Both plaintiff and her husband testified that other patrons shopped the luggage sale very near Brooks. In fact, Louis Brooks stated that there were at least ten to fifteen other patrons shopping by his *166 wife. He admitted that he saw them shopping in the shelves although he could not remember which shelves. Brooks corroborated her husband's testimony that there were patrons on both sides of her. Neither Brooks nor her husband noticed the luggage placement prior to the fall. Louis Brooks only saw the luggage "on its way down." From this evidence we find that the trial court was correct in its determination that as a matter of law, Brooks is not entitled to an inference of Tuesday Morning's negligence. Under the facts as presented by Brooks, it is just as reasonable to conclude that another patron caused the luggage to fall from the shelf.

Medical Expenses
Brooks finally argues that the trial court erred in granting summary judgment on the issue of the payment of medical expenses.[1] Brooks filed a motion for new trial on the grounds that the granting of summary judgment on this issue was contrary to the law and evidence.
The record shows that Brooks first raised a claim for medical expenses in her pleadings filed October 20, 1997. More specifically, Brooks contended in her opposition to defendant's motion for summary judgment, filed June 26, 1998, that medical benefits had not yet been paid. Tuesday Morning and Liberty Mutual responded on July 6, 1998, that no payment had been made due to inadequate proof of loss. However, the record before us shows that the answers to interrogatories and attached medical bills, which defendants eventually considered adequate proof of loss, were dated and certified on January 7, 1998; Liberty Mutual did not pay the medical expenses until after Brooks filed her motion for new trial. We find this evidence sufficient to raise an issue of fact regarding Brooks' entitlement to penalties. Accordingly, the trial court committed manifest error in failing to grant a new trial on this issue. United Group of Nat. Paper Distributors, Inc. v. Vinson, 27,739 (La.App.2d Cir.01/25/96), 666 So.2d 1338, writ denied, 96-0714 (La.09/27/96), 679 So.2d 1358. We therefore reverse in part the granting of summary judgment on the issue of medical expenses and remand for further proceedings in accordance with this opinion.[2]

CONCLUSION
Finding manifest error in the denial of a new trial, we reverse that part of the summary judgment which dismissed Brooks' medical expense claim. In all other respects, the summary judgment in favor of Tuesday Morning and Liberty Mutual is affirmed. The case is remanded to the trial court for further proceedings in accordance with this opinion. Costs of this appeal are to be borne equally by the parties.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Although the summary judgment failed to mention the issue of medical expenses, the law provides that when a judgment is silent with respect to any demand which was an issue in the case under the pleadings, the silence constitutes an absolute rejection of the demand. Bamberg v. City of Shreveport, 26,278 (La.App.2d Cir.12/07/94), 647 So.2d 1207, writ denied, 95-0414 (La.03/30/95), 651 So.2d 845.
[2] See Andras v. Maintenance Coastal Sales and Service Co., 572 So.2d 335 (La.App. 5th Cir. 1990).